MINNIE BURNELL, Appellant, *v.* HERBERT LA FOUNTAIN et al., Respondents.

Third Department, December 10, 1958.

*J. Byron O'Connell* for appellant.

*Carter & Conboy* (*Clayton T. Bardwell* of counsel), for Leo P. Lamkins, respondent.

*James A. Fitzpatrick* for Herbert La Fountain, respondent.

BERGAN, J. Plaintiff Minnie Burnell was injured while riding as a passenger in an automobile driven by defendant La Fountain in Plattsburgh. This car, proceeding in an easterly direction in Cornelia Street, was in the process of making a left turn to cross over the street to a private driveway when it came in contact with an automobile of defendant Lamkins which was proceeding westerly in Cornelia Street.

La Fountain testified that as he made the left turn across the lane in which Lamkins was driving " the other car hit me in the front wheel "; and Lamkins testified that La Fountain came out of the line of traffic that was moving east when 10 to 15 feet away from him and came " right direct in front of me ".

Although it is not suggested that plaintiff Burnell should have interposed to control La Fountain's car, or have given any direction to him in respect of its operation at the time the turn was being made, or just before it was made, the jury has found a general verdict for defendant La Fountain as well as defendant Lamkins.

On the plaintiff's motion to set aside the verdict the Judge at Trial Term was of opinion as to Lamkins that the verdict was consistent with the evidence on a failure to show Lamkins' negligence; but he felt La Fountain was guilty of negligence and that in order to find against the plaintiff in the action against La Fountain it was necessary for the jury to have found plaintiff herself negligent. The Judge was of opinion this had been adequately established; and, therefore, he denied plaintiff's motion for a new trial. Plaintiff appeals.

There is no evidence in the record of any fact in connection with the immediate occurrence of the accident, or its proximate cause, upon which a finding of the plaintiff's negligence could be based. (Cf. *Clark* v. *Traver*, 205 App. Div. 206.) She was not required to have anticipated that La Fountain in making the left turn in a stream of traffic would have directed the vehicle in front of Lamkins' car at a distance of 10 to 15 feet. When such a suddenly arising traffic movement is in the actual process of occurrence, no passenger is in a position to do much about it, either by counsel, protest, suggestion or physical interference.

La Fountain argues for affirmance of the judgment in his favor on appeal both that it could be found that he was not negligent and that plaintiff was herself negligent. The theory relied upon to support a finding of the plaintiff passenger's contributory negligence is that because of his own (La Fountain's) drinking it was negligent for the plaintiff to ride with him; and that, therefore, she assumed in advance the risk of any manner in which he may have driven his car and is barred from recovering for any act of negligence which he may have committed in the course of its operation while she was a passenger.

The legal theory which will sustain a state of such continuing and omnibus negligence, assumed from the moment a passenger gets into a motor vehicle, for any subsequent carelessness of the driver, requires close analysis; because it will be seen at once that it is quite different from a contribution by proximate carelessness to the actual occurrence of the negligent act itself which directly brings about the injury.

The case was submitted to the jury on general instructions on contributory negligence without treatment of the problem created by knowledge or acquiescence of the passenger in driving with a person whose capacity to drive is actually or apparently impaired by alcohol.

There are no doubt cases where a driver is so plainly drunk no sensible person would ride with him; and if a drunken acci-

dent occurred there would not be much difficulty in barring a recovery because of contributory negligence.

But there are many instances where a driver drinks a little with no visible effect; or where he drinks a little more and retains full control of himself and his vehicle; or where he drinks more or less, and the passenger is unaware either of the drinking or of any relaxation of caution until an accident occurs. In such cases, absent some negligence of the passenger in the operational occurrence of the accident itself, a finding of contributory negligence based alone on the election to ride with that driver would often be unwarranted.

Here the most favorable evidence to the respondent La Fountain's theory that his passenger was negligent in the act of riding with him as a passenger is his own testimony that in the afternoon some period before the accident he had " about four bottles " of beer " somewhere around there "; and no more.

He testified that plaintiff " had a bottle " of beer and was present when he drank his four bottles. There is no proof of any fact or of any observation by any witness that La Fountain staggered, or that his speech was thick or incoherent; that his breath smelled of alcohol, or that he drove his car rapidly, erratically or abnormally.

The proof in the record is undisputed that his car was being driven slowly, at about 5 to 10 miles an hour at the time of the accident. There is no proof that it was being driven carelessly at any time after plaintiff got in as a passenger. No appearance or act of La Fountain's is established from which it might be claimed plaintiff would reasonably be expected to regard him as being under the influence of alcohol or in believing that his ability to drive was impaired in any degree.

He himself swore flatly he was not drunk; and a policeman who arrested him after the accident did not testify to any fact of observation of the driver on which it might be found he was intoxicated. He arrested him, not because he noticed anything about his appearance, his breath or his actions, but because " I found out he had a few drinks ".

After his arrest the policeman said La Fountain refused to take a blood test " because he said he wasn't drunk ". The next day in court La Fountain was charged, not with driving while intoxicated, but with reckless driving, and the arrest of the day before must be deemed to have been made to prosecute this charge and not some other.

When La Fountain was asked on the trial whether he walked in a straight line he said: " As far as I could see." Although the record is entirely silent on any actual factual observations

made of La Fountain by the police officer, he was asked the opinion question whether La Fountain was intoxicated and his answer was that "Apparently he had been drinking", which, of course, is neither an answer to the question nor a clear statement of any fact or observation.

The policeman was then asked the almost equally equivocal questions whether the information given in a report on file in the Police Department did not say "obviously drunk" and whether this was not his "observation", to which he answered "Yes". But in the absence of any factual showing of observation or physically described manifestation of the effect of drinking on La Fountain, the failure of the policeman to testify to his gait, speech, breath, or other usual criteria of the influence of alcohol, the failure to arrest or prosecute him for any offense in which intoxication was an ingredient, the factual showing in the record would not warrant a finding, and hence the jury could not find, that at the time of this accident defendant La Fountain was intoxicated, or that alcohol adversely influenced his ability to drive his car.

But even if it might be conceded that the record would justify the jury in finding that La Fountain was intoxicated, there is an unresolved issue of fact, not submitted, as to the knowledge of the plaintiff of such a condition. The plaintiff denied that she herself had anying to drink before getting in the car and she denied that she had seen La Fountain drink any beer or any other beverage. La Fountain's testimony to the contrary was that of an interested and adverse witness to plaintiff.

She testified that she observed nothing unusual about his appearance or breath which would have alerted her to his possible drinking or intoxication, and as it has been noted, in this respect her testimony is consistent with the entire record.

Not even the other driver, Lamkins, testified to any observed fact about La Fountain's appearance or condition. If the jury believed plaintiff's testimony as to her own observation, it could not find her negligent in deciding to ride with La Fountain, even though it were able to find on a sufficient record that his ability to drive had in fact been impaired.

Since the relevance of ingestion of alcohol is its effect on driving; and since this may differ greatly from person to person, the ultimate test of contributory negligence is the observation and the judgment of the passenger, measured by common standards of reasonable care.

The problem is illustrated in one of its aspects in *Meengh* v. *Buckmaster* (26 App. Div. 451 [1898]), where a horse-driven vehicle collided with a pile of rubbish in the street and a pas-

senger in the vehicle was injured. It was claimed the driver was intoxicated and on appeal the court approved the instruction to the jury that if the driver " was intoxicated or his manner of driving so heedless or careless " that the passenger " in the exercise of ordinary care, would have perceived it  *  *  *  he was chargeable with contributory negligence " (p. 453).

A test of the kind of awareness by the passenger of intoxication of the driver which would leave it open to the jury to find contributory negligence to defeat the passenger's action was stated in *Cunningham* v. *Erie R. R. Co.* (137 App. Div. 506, 508) to be knowledge that the driver " was in such a state as to be incapable of giving the attention to what he was doing which a man of prudence and reasonable intelligence would have given ". This also was a horse-driven vehicle case.

It becomes very clear in *Kinnie* v. *Town of Morristown* (184 App. Div. 408) that knowledge of such intoxication of the driver as to deprive him of reasonable control is an indispensable condition to a finding of contributory negligence which will bar recovery; and the decided cases indicate that this, in each instance, becomes a problem for specific factual resolution by the jury.

It is the knowledge possessed by the passenger of the incompetence of the driver that is crucial in such situations (65 C. J. S., Negligence, § 156, pp. 796–797) and " an occupant is not guilty of contributory negligence in failing to take such steps [to protect himself from harm] where he has no knowledge, and is not chargeable with knowledge, of the driver's incompetency or where a reasonably prudent person would not have done so in the same or similar circumstances."

We regard the finding of the jury that plaintiff was negligent in riding in La Fountain's car to be against the weight of the evidence; and the alternative possibility that it found La Fountain was not negligent, is equally against the weight of evidence.

The judgment should be modified on the law and the facts by directing a new trial in the case against defendant La Fountain and as thus modified it should be affirmed, with costs to respondent Lamkins against appellant, and with costs to appellant against respondent La Fountain to abide the event.

Foster, P. J., Gibson and Reynolds, JJ., concur; Herlihy, J., taking no part.

Judgment modified, on the law and the facts, by directing a new trial in the case against defendant La Fountain and as thus modified, affirmed, with costs to respondent Lamkins against appellant, and with costs to appellant against respondent La Fountain to abide the event.