## THIRD DEPARTMENT, DECEMBER, 1964

### (December 1, 1964)

■ RAYMOND BARBER, Appellant, v. RONALD KENNEDY et al., Respondents. — REYNOLDS, J. Upon denying plaintiff's motion to set aside the verdict, the trial court said that the jury could conclude "that the driver of the car in which the plaintiff was riding and the plaintiff himself had such an amount to drink that it impaired the operator's ability, and that the plaintiff himself was guilty of contributory negligence in riding in the Buono car"; and that "as to the other defendant, Kennedy, the jury undoubtedly concluded that he didn't do anything negligent. This was certainly possible if they believed the testimony of Kennedy". The evidence of the plaintiff was replete with discrepancies and inconsistencies. His credibility became seriously in question. Although not mentioned by the trial court, the jury was not bound to find that plaintiff, injured in a recent previous accident, sustained injuries attributable to this accident and could have concluded on the state of the record, either that plaintiff had not been injured in this admittedly very minor accident, or that his claimed injuries were not causally related to the accident. These, of course, were questions of fact for the jury. In a factually similar case, *Lawrence* v. *Walsh* (8 A D 2d 917, 918) we said: "the credibility of the witnesses and the weight of the evidence are for the jury's determination"; we also said: "Further, we necessarily attach weight to the Trial Judge's evaluation of the case upon his determination of the motion to set aside the verdicts as against the weight of the evidence." Judgment and order affirmed, without costs. Gibson, P. J., Taylor and Hamm, JJ., concur; Herlihy, J., dissents, and votes to reverse and order a new trial in the following memorandum: In my opinion, there was no legal basis in fact for the trial court's denial of the motion to set aside the verdict. There is no better authority for this statement than the decision of this court in *Burnell* v. *La Fountain* (6 A D 2d 586). The present facts are not suggestive of impairment of the operator's ability to drive due to drinking alcoholic beverages. A fair appraisal of the testimony — to which plaintiff is entitled — is consonant with our findings in the Burnell case, where we stated at page 588: "There is no evidence in the record of any fact in connection with the immediate occurrence of the accident, or its proximate cause, upon which a finding of the plaintiff's negligence could be based. (Cf. *Clark* v. *Traver*, 205 App. Div. 206.) She was not required to have anticipated that La Fountain in making the left turn in a stream of traffic would have directed the vehicle in front of Lamkins' car at a distance of 10 to 15 feet. When such a suddenly arising traffic movement is in the actual process of occurrence, no passenger is in a position to do much about it, either by counsel, protest, suggestion or physical interference." This court is making an additional finding that the record does not sustain the plaintiff's contention that he received injuries attributable to the present accident. This, in my opinion, is a dangerous conclusion and an unwarranted precedent. The record demonstrates that the property damage to the defendant Buono's automobile, in which the plaintiff was a passenger, amounted to $273, and is evidence of considerable force at the time of the collision. The plaintiff offered medical testimony that the accident was a competent producing cause of the injuries sustained by him. The defendant offered no medical testimony and with the record in this posture, the plaintiff was entitled to a money verdict, the quantum to be decided on a new trial. I vote to reverse the judgment and order, on the law and the facts, and to grant a new trial, with costs to abide the event.