■ WILLIAM FLANSBURG, Appellant, v. FLETCHER LEHMAN, JR., et al., Respondents. (Action No. 1.) DAVID POGNI, Appellant, v. FLETCHER LEHMAN, JR., et al., Respondents. (Action No. 2.) — *Per Curiam.* Appeal by plaintiff in Action No. 1 from a judgment of the Supreme Court entered on a jury verdict in favor of defendants and from the order denying his motion to set aside the verdict on the grounds that it was contrary to the weight of the credible evidence and for error assigned to the charge of the trial court. Appeal by plaintiff in Action No. 2 from a judgment of the Supreme Court entered on a jury verdict in his favor and from the order denying his motion to set aside the verdict upon the ground of inadequacy. Both plaintiffs were injured when an automobile operated by defendant, David Lawrence MacIntosh, and owned by his mother, in which they were riding as passengers, collided with a vehicle owned and operated by defendant Lehman on a public highway in the Town of New Scotland, Albany County at about 2 o'clock in the morning of August 20, 1960. Plaintiff Flansburg had joined MacIntosh and one Scoons in the early evening of the preceding day and together they first drove to the Altamont Fair; therefrom they proceeded to a tavern in Albany where all drank beer. On their way home they happened upon plaintiff Pogni, a hitchhiker, and took him aboard as a passenger. Clearly implicit in the verdict in favor of defendants in Action No. 1 is a finding of contributory negligence on the part of plaintiff Flansburg. Consistent with the weight of the evidence the jury could have based its verdict upon his own testimony that at the time of the accident both he and the driver of the vehicle in which he was riding were, as the result of the early morning group drinking, under the influence of alcohol and thus conclude that plaintiff had failed to meet the burden of proving his freedom from contributory negligence. (*Kinnie* v. *Town of Morristown*, 184 App. Div. 408; *Butler* v. *Albert*, 1 A D 2d 43.) Necessarily this ruling is dispositive of appellant's further contention that Trial Term erred in submitting to the jury the question whether Flansburg, as a passenger, was contributorily negligent. In Action No. 2 the award to plaintiff was $600. It appears that he was taken to a hospital by ambulance immediately following the accident. The record discloses that he suffered stiffness and pain in the region

of his neck, sustained a wage loss of $100 through his inability to work for a period of two weeks and incurred small bills for hospitalization and medical attention totaling $81. His major injury as described in the hospital record was a "five-inch laceration of the scalp extending along the right frontal and parietal areas, extends down to and includes the tendons (interspinales muscle)." Thirty-two sutures were required to close the wound. Although there was no medical evidence of permanency a resultant scar of like length and position was present at the time of the trial which took place about four years after the event. Ordinarily we would be inclined to adopt the jury's evaluative views particularly in respect to the scarring which it was permitted to observe at the trial. We think it plain in this case, however, that its appraisal was palpably incommensurate with the injuries sustained viewed as a whole. Judgment and order affirmed in Action No. 1, without costs. Judgment and order in Action No. 2 reversed, on the law and the facts, and a new trial ordered, with costs to abide the event, unless, within 20 days after service of a copy of the order to be entered hereon, defendants shall stipulate to increase the verdict to the sum of $1,931, in which event judgment, as so modified, affirmed, without costs. Gibson, P. J., Herlihy, Reynolds, Taylor and Hamm, JJ., concur.