■ MARTIN E. EISENBERG, an Infant, by His Father and Natural Guardian, ARTHUR EISENBERG, et al., Respondents, v. JOHN GREEN, Defendant, and BREWSTER RENTALS, INC., Appellant.— Order entered December 3, 1968, setting aside a jury's verdict in defendant-appellant's favor and granting a new trial, affirmed, with costs to abide the event. The infant plaintiffs-respondents, passengers in a vehicle owned by defendant-appellant, were injured when the automobile left an unlighted narrow and winding country road at a sharp curve on a drizzly and misty night. According to their testimony, they had left the camp, where one was employed and the other a visitor, at about 10:30 P.M. and, between that time and about or shortly after midnight went with the driver and two other male companions to two local bars, where each person had one drink. The libation consumed by the driver is known classically as a "boilermaker" (see Webster's Third New International Dictionary [Merriam], p. 247, definition 2). After midnight, they went to a diner and had some food, beginning the short trip back at about 1:00 A.M. The evidence was to the effect that, though just before the accident he had been asked to slow down a little, the driver had operated the vehicle safely, carefully and prudently, never exceeding fifteen or twenty miles an hour. Nothing in the description of operation of the vehicle provides a basis for inference that the driver suffered from any impairment. Notwithstanding, the Trial Justice instructed the jury that "a passenger who was aware that such drinking of the driver deprives him of reasonable control of the automobile and who fails to protect himself from harm, is guilty of contributory negligence." A verdict for defendant followed. Though it would have been eminently correct in appropriate circumstances, the charge was improper, as the Justice himself realized on overnight reflection, for he then made the order which we now affirm. The Trial Justice's change of mind was occasioned by a reading of *Burnell* v. *La Fountain* (6 A D 2d 586) which is, we believe, misapprehended in the dissent. In *Burnell*, though "the plaintiff denied either drinking herself or that she saw the defendant drink", there was at the least sharply conflicting testimony to the contrary that both passenger and driver drank together. Regardless of which version of that episode was accepted in that case, that evidence was not regarded as of prime importance or relevance. "There are many instances where a driver drinks a little with no visible effect; or where he drinks a little more and retains full control of himself and his vehicle; or where he drinks more or less, and the passenger is unaware either of the drinking or of any relaxation of caution until an accident occurs. In such cases, absent some negligence of the passenger in the operational occurrence of the accident itself, a finding of contributory negligence

based alone on the election to ride with that driver would often be unwarranted." (*Burnell* v. *La Fountain, supra,* p. 589, Bergan, J.) As to the drinking in the instant case, there is nothing, unless the statement in the dissent constitutes judicial notice, to indicate that the driver's drinking brought about "any relaxation of caution" on his part, or that the group was engaged in a wild spree. Indeed, the record here, precisely as in *Burnell*, speaks to the opposite effect in describing the driver's condition and manner of operation of the vehicle. The verdict having been a general one, there is no way to tell what part was played by the baseless charge on contributory negligence in bringing about the jury's verdict, and the court's decision to set it aside was proper and should not be disturbed. Concur — Stevens, P. J., Capozzoli, Tilzer and Markewich, JJ.; McGivern, J., dissents in the following memorandum: I would reinstate the verdict. In my view, the record does not so greatly preponderate in favor of the plaintiffs as to establish that the jury's verdict "could not have been reached upon any fair interpretation of the evidence." And that is the test repeatedly recognized. (*Lalomia* v. *Biggers*, 25 A D 2d 742; *Bravata* v. *Russo*, 21 A D 2d 689.) In this case, there is the threshold paradox of both plaintiffs testifying that the defendant drove the vehicle at all times in a safe, normal, careful and prudent manner. The jury apparently believed them and found for the defendant. Yet the court set aside the verdict, citing *Burnell* v. *La Fountain* (6 A D 2d 591). A judicious perusal of this opinion reveals nothing antithetical between the holding therein and the Judge's charge in the instant case, which was well nigh flawless. The caveat *Burnell* conveys is that if a passenger has no knowledge of a driver's lack of caution, occasioned by drinking, he may not be charged with contributory negligence (p. 591). And in *Burnell*, the plaintiff denied either drinking herself or that she saw the defendant drink. The excerpt set forth by the majority from *Burnell* must be read in the context of the further observation by the court in that case (p. 588): "The case was submitted to the jury on general instructions on contributory negligence *without treatment of the problem created by knowledge or acquiescence of the passenger in driving with a person whose capacity to drive is actually or apparently impaired by alcohol.*" (Emphasis supplied.) In the instant case the trial court fully treated this problem, which the court in *Burnell* noted was "a problem for specific factual resolution by the jury." The trial court herein properly instructed the jury: "The relevance of ingestion of alcohol is its effect on driving. This may differ greatly from person to person, and the ultimate test of contributory negligence of the passengers under these circumstances in this case is the observation and judgment of the passengers measured by common standards of reasonable care. In other words, a passenger who was aware that such drinking of the driver deprives him of reasonable control of the automobile and who fails to protect himself from harm, is guilty of contributory negligence. It is for you to determine that issue of contributory negligence, if any, by the plaintiff passengers herein." Furthermore, the factual situation in *Burnell* is dissimilar from that in the case at bar. In *Burnell* (p. 589) the accident occurred some four hours after defendant had four bottles of beer, and "The proof in the record is undisputed that his car was being driven slowly, at about 5 to 10 miles an hour at the time of the accident"; and the accident occurred when the defendant therein was making a left turn into a driveway, under circumstances not suggesting hazardous driving conditions. In our case we have a young group avowedly out to paint the town, and as developed on the plaintiff's *direct* examination, the plaintiff not only drank himself, but he was a companion-in-arms of the defendant driver, who preferred a more robust concoction of whiskey and beer (in that order), described in the majority opinion as a "boilermaker." Who then can say that at the time of

the accident a jury could not find alcohol had adversely affected his ability to drive? Certainly, in the presence of "boilermakers", no knowledgeable Trial Judge would rule as a matter of law contributory negligence was not in the case. And here we must also consider, as the record discloses, that the night was dark, that the weather was "bad", "drizzly", "misty", "foggy", the unlighted road was "wet", "very narrow", "very twisting", and "very winding", a "downgrade", with a "very sharp curve where this accident occurred." And the accident happened here within approximately an hour after the last "boilermaker"; and just prior to the accident, when defendant ran into a telephone pole, another passenger — not the plaintiff — warned defendant to "slow down". Thus, I conclude that the contributory negligence of plaintiff was a fair question for the jury, and the learned Trial Justice was right the first time.