■ THOMAS M. HEFFERNAN, JR. et al., Appellants, v. CONSTANCE LOGUE, Respondent.— Judgment unanimously reversed on the law and facts and a new trial granted, with costs to abide the event. Memorandum: Plaintiff parked his car on the north side of the street and made a stop at a building on the same side of the street. Upon leaving the building, he proceeded into the street from a driveway on the east side of the building and thence diagonally to the driver's door of his auto which was to the west. As he walked, facing away from westbound traffic, he was struck by a car driven by defendant in a westerly direction. There was proof that there were snowbanks on the north side of the street but that they were not high enough to make it unreasonably difficult to walk from the street to the sidewalk. The court charged subdivision (a) of section 1156 of the Vehicle and Traffic Law which provides, "Where sidewalks are provided and they may be used with safety it shall be unlawful for any pedestrian to walk along and upon an adjacent roadway." It also charged, "You cannot disregard a violation of the statute and substitute some standard of care other than that set forth in the statute." Plaintiffs excepted and requested a further change. It was error to reject counsel's exception and to refuse the request to charge "that notwithstanding the provisions of 1156 of the Vehicle and Traffic Law the very fact that the driver of this automobile entered the street in order to get into his automobile on the driver's side does not constitute negligence in and of itself." The court in effect charged that a violation of the statute was negligence as a matter of law. The test, however, is not that absolute. It is, rather, an unexcused violation which constitutes negligence (*Martin* v. *Herzog*, 228 N. Y. 164, 168; *Miller* v. *Hine*, 281 App. Div. 387, 391; *Schaeffer* v. *Caldwell*, 273 App. Div. 263, 268). The court erred in failing to charge that there must be a causal connection between the negligence and the injury before plaintiff could be found to be contributorially negligent. (*Martin* v. *Herzog, supra,* p. 170; *Schwartz* v. *Frank*, 23 A D 2d 916; *Miller* v. *Hine, supra,* pp. 391–393.) (Appeal from judgment of Cayuga Trial Term in automobile negligence action.) Present — Del Vecchio, J. P., Marsh, Witmer, Moule and Cardamone, JJ.