■ FRANK KELLY et al., Appellants, v KENNETH GURLL, Respondent.— In a negligence action to recover damages for personal injuries, etc., plaintiffs appeal from a judgment of the Supreme Court, Kings County, entered May 13, 1976, which is in favor of respondent and against them, upon a jury verdict. Judgment reversed, on the law, and new trial granted as between plaintiffs and respondent, with costs to abide the event. The findings of fact are affirmed. The male plaintiffs herein were passengers in a car driven by the respondent. On June 3, 1973, between 4:30 A.M. and 5:00 A.M., the vehicle driven by the respondent struck a wall while going around a curve on the West Side Highway near 72nd Street. In charging the jury with respect to the issue of the negligence of the respondent and the issue of the contributory negligence of the plaintiffs, the trial court advised the jury that it could take into consideration the occupants' respective states of intoxication in resolving these issues. On the record the charge was clearly erroneous and could only confuse the jury and seriously prejudice the plaintiffs' case (see *Eisenberg v Green,* 33 AD2d 756; *Burnell v La Fountain,* 6 AD2d 586). While there was evidence at the trial indicating that the three occupants of the car had consumed some beer earlier in the evening, there was nothing in the record to indicate that they were "intoxicated". Since the verdict herein was a general one, there is no way to determine the effect this erroneous charge had on the jury's determination. Accordingly, the judgment in favor of respondent must be reversed and a new trial granted (see *Eisenberg v Green, supra; Burnell v La Fountain, supra).* Martuscello, Acting P. J., Cohalan, Rabin and Suozzi, JJ., concur.