■ EDWARD F. MILLER et al., Plaintiffs, v PAUL MASLOW, an Infant, by

His Father and Natural Guardian, JOHN MASLOW, et al., Defendants. (Action No. 1.) PAUL MASLOW, an Infant, by His Father and Natural Guardian, JOHN MASLOW, et al., Respondents, v EDWARD F. MILLER, Appellant. (Action No. 2.)—In consolidated negligence actions to recover damages for personal injuries, Edward F. Miller, defendant in Action No. 2, appeals from an interlocutory judgment of the Supreme Court, Nassau County, dated May 18, 1977, which is in favor of the plaintiffs in Action No. 2 and against him, after a jury trial limited to the issue of liability. Interlocutory judgment reversed, on the law and in the interest of justice, and new trial granted, with costs to abide the event. The consolidated actions involve a one-car automobile accident which occurred in the early morning hours of December 2, 1971. The car was owned by John Maslow, the father of Paul Maslow; both are defendants in Action No. 1 and plaintiffs in Action No. 2. On the evening in question, Paul Maslow and his friend Edward F. Miller, the defendant-appellant, used the car to visit four different bars and discotheques. It was while they were returning from their night "on the town" that the accident occurred. Miller claimed that he had been the passenger, that he had fallen asleep after leaving the last bar, and that he awoke in the hospital. Paul Maslow, on the other hand, testified that Miller had been the driver, that he (Maslow) had been the passenger, that he had been tired and had fallen asleep and that he awoke in the hospital. Although the court charged over objection that whoever was the passenger had not been guilty of contributory negligence, the jury returned with a finding that "the degree of negligence is equally divided between Miller and Maslow." The court reinstructed the jury that "there was no contributory negligence on the part of the passenger, whichever of the parties that may have been." The jury thereupon returned a unanimous verdict in favor of the Maslows and against Miller. Under the unusual circumstances of this case, the trial court erred in failing to allow the jury to consider the question of contributory negligence on the part of the passenger. Since the totality of the evidence in this record would permit a finding that both the driver and passenger had been under the influence of alcohol, the question of the passenger's contributory negligence should have been submitted to the jury (see *Flansburg v Lehman,* 23 AD2d 946; *Barber v Kennedy,* 22 AD2d 965; *Kinnie v Town of Morristown,* 184 App Div 408, 412-413). Damiani, J. P., Titone, Shapiro and Cohalan, JJ., concur.