■ GARY MINTZ, an Infant, by His Father and Natural Guardian, JULIUS MINTZ, et al., Respondents, v LONG ISLAND DAILY PRESS PUBLISHING Co., INC., et al., Respondents. (Action No. 1.) DAVID RADIN, an Infant, by His Father and Natural Guardian, LEON RADIN, Third-Party Plaintiffs-Respondents, v HOWARD MILLER et al., Appellants, and LOUIS I. SINGALOW et al., Third-Party Defendants-Respondents. (Action No. 2.) (And a Third Action.)— In a negligence action to recover damages for personal injuries, etc., the appeal is from so much of an order of the Supreme Court, Nassau County, entered December 15, 1978, as denied third-party defendant Miller's cross motion for summary judgment in both third-party actions. Order reversed insofar as appealed from, on the law, without costs or disbursements, and appellants' cross motion for summary judgment is granted. Appellants moved for summary judgment. They submitted a survey map and an affidavit by the surveyor, in addition to affidavits of the moving party and the attorney. The survey map showed that the bushes in question did not encroach upon appellants' property. Defendants Long Island Daily Press and Radin opposed the cross motion by affirmations of their respective attorneys which alleged that photographs would be introduced during the trial to show that, contrary to the survey map, the bushes were on appellants' property. Further, their respective third-party complaints allege that the bushes violated "local Town, County and Building Zone ordinances". No copies of the photographs or ordinances were submitted in support of the argument. Long Island Daily Press and Radin relied solely on statements by their attorneys, and they failed to present evidentiary facts in support of their assertions which would tend to negate the appellants' claim (cf. *Ehrlich v American Moninger Greenhouse Mfg. Corp.,* 26 NY2d 255). Damiani, J. P., Margett, O'Connor and Weinstein, JJ., concur.