■ MICHAEL BIBBO Appellant, v JOHN TAYLOR, Respondent. — In a negligence action to recover damages for personal injuries, plaintiff appeals from an order of the Supreme Court (Isseks, J.), dated December 8, 1981 and entered in Putnam County, which denied his motion for summary judgment upon the issue of liability. Order reversed, on the law, with $50 costs and disbursements, and motion granted. It is undisputed that on July 21, 1979, at approximately 11:00 P.M., the plaintiff was riding as a passenger in an automobile owned and operated by defendant on Crane Road in the Town of Carmel. Plaintiff was sitting in the right front seat of the vehicle. It was a dark night, the road was unlit and dry, and the weather was clear. The vehicle left the road, struck a tree and turned over. Plaintiff commenced the instant action alleging that defendant was negligent in failing to keep the vehicle under proper control and failing to operate the vehicle at a reasonable speed under the circumstances. A police accident report indicates "unsafe speed" as a cause of the accident. Plaintiff moved for summary judgment on the issue of liability. In opposition to plaintiff's motion, defendant's attorney submitted an affirmation stating that plaintiff's "allegations raise * * * issues of whether the plaintiff is guilty · of culpable conduct by permitting, contributing and/or encouraging the operation of the vehicle at the alleged excessive speed". Under these circumstances, plaintiff's motion for summary judgment should have

been granted. "[W]hen the suit is founded on a claim of negligence, the plaintiff will generally be entitled to summary judgment 'only in cases in which there is no conflict at all in the evidence, the defendant's conduct fell far below any permissible standard of due care, and the plaintiff's conduct either was not really involved (such as with a passenger) or was clearly of exemplary prudence in the circumstances.' " (*Andre v Pomeroy,* 35 NY2d 361, 364-365; *Ugarriza v Schmieder,* 46 NY2d 471, 475, 476.) In the case at bar, defendant's conduct "fell far below any permissible standard of due care" by driving at an excessive speed at night on an unlit road, and defendant has submitted no affidavit or other evidentiary proof in admissible form to defeat the motion (see *Zuckerman v City of New York,* 49 NY2d 557; *Mintz v Long Is. Daily Press Pub. Co.,* 75 AD2d 595). O'Connor, J. P., Thompson, Niehoff and Rubin, JJ., concur.