■ Elia Behar, as Administrator of the Estate of Eric C. Behar, Deceased, Appellant, v Benjamin Ordover et al., Respondents. — In a negligence action to recover damages for personal injuries, plaintiff appeals from an order of the Supreme Court, Nassau County (Roncallo, J.), dated July 2, 1982, which denied his motion for summary judgment on the issue of liability. Order reversed, on the law, with $50 costs and disbursements, and motion granted. Plaintiff's intestate suffered personal injuries when the motor vehicle in which he was a passenger left the middle lane of the three-lane southbound roadway

of the Meadowbrook Parkway about 5:00 A.M. on Sunday, March 16, 1980 and collided with four trees. The complaint and bill of particulars served by his administrator alleged that the accident had been caused solely by the defendant driver's negligent operation of the motor vehicle in that he had driven it at excessive speed and permitted it to leave the roadway. The answer put in by the driver and the owner of the vehicle generally denied the allegations and alleged that plaintiff's intestate was culpable, particularly in failing to use available seat belts. Plaintiff then moved for summary judgment based on two documents rather than on an affidavit of personal knowledge of the accident, which he lacked. The first document was a police report, which concluded that the vehicle left the middle lane and then the roadway out of control and struck four trees. The second was an accident report signed by the defendant driver which contained the statement: "I was travelling southbound on the Meadowbrook Parkway when I dozed off and struck a tree on the right side of the parkway". In opposition to plaintiff's motion, the defendant driver's affidavit stated that the roadway was dry and the weather clear at the time and that he had been "quite tired". His affidavit did not contradict his accident report statement, and it made no reference to seat belts or any act or omission on the part of plaintiff's intestate. Defendants' attorney argued in his affidavit in opposition that there were triable issues of fact, but he failed to suggest what they were. Special Term denied the motion on the ground that granting summary judgment in plaintiff's favor on the liability issue "would preclude the defendants from presenting any evidence as to culpability of fault and apportionment of liability". This was error. As a rule, in determining a motion for summary judgment (CPLR 3212, subd [b]), the court's function is limited to the ascertainment of the existence of any genuine issues of material fact in the proofs laid bare by the parties' submissions of affidavits based on personal knowledge and documentary evidence, rather than in their conclusory or speculative averments. The court makes no discretionary examination of such fact issues, nor does it resolve them. (Compare *Friends of Animals v Associated Fur Mfrs.*, 46 NY2d 1065, 1067-1068; *Mallad Constr. Corp. v County Fed. Sav. & Loan Assn.*, 32 NY2d 285, 290; *Mintz v Long Is. Daily Press Pub. Co.*, 75 AD2d 595; *Esteve v Abad*, 271 App Div 725, 827 [CPLR 3212], with *Bishop v Galasso*, 67 AD2d 753 [CPLR 5015]; *Cohen v Levy*, 50 AD2d 1039 [CPLR 5015]; *Sortino v Fisher*, 20 AD2d 25, 31-33 [CPLR 3216]; *Mintzer v Loeb, Rhoades & Co.*, 10 AD2d 27, 29, mot for lv to app den 10 AD2d 911 [CPLR 3216].) If facts "essential to justify opposition may exist but cannot then be stated, the court may deny the motion or may order a continuance to permit affidavits to be obtained or disclosure to be had" (CPLR 3212, subd [f]; see *Zuckerman v City of New York*, 49 NY2d 557, 562; *Golding v Weissman*, 35 AD2d 941, app dsmd 29 NY2d 913). In the case under review the defendant driver presumably had personal knowledge of the accident, including decedent's use or nonuse of his seat belt as well as any warning to decedent about his drowsiness (the latter possibility suggested only on appeal); however, the papers submitted in opposition to plaintiff's motion put forward no facts that would inculpate decedent and in no way impeach the defendant driver's accident report admission to nodding off while driving and colliding with four trees off the road. Plaintiff's right to summary judgment on the issue of liability was therefore established on the papers (see *Bibbo v Taylor*, 89 AD2d 573). As for Special Term's comment about the issue of apportionment, it is clear that the only possible apportionment of culpability on the undisputed facts in this record would be, if any, between defendant driver and defendant owner; however, Special Term could not properly withhold judgment from plaintiff in order to set down for a

jury trial such an unraised factual issue, which is completely irrelevant to plaintiff's right of recovery against either or both of the defendants. The order must therefore be reversed and the motion granted. Lazer, J. P., O'Connor, Brown and Rubin, JJ., concur.