■ JOSEPH MELAGRANO, Appellant, v MIRIAM P. LIEBER, Respondent, et al., Defendant. — In an action to foreclose a mechanic's lien, plaintiff appeals from so much of an order of the Supreme Court, Westchester County (Cerrato, J.),

entered May 18, 1982, as denied his motion for summary judgment as against defendant Lieber. Order reversed insofar as appealed from, on the law, with $50 costs and disbursements, and plaintiff's motion is granted. Plaintiff's verified complaint and affidavit in support of his motion assert that he had duly performed a construction contract, as modified and executed by and between the parties, and that the balance due and owing him was $28,295, with interest from January 19, 1980. Respondent's unverified answer and her attorney's affidavit in opposition to the motion admitted the existence of the contract, but denied modification and alleged that plaintiff's performance had been defective and incomplete. Respondent did not challenge plaintiff's computation of the balance allegedly owed him, nor did she request a continuance of the motion pursuant to CPLR 3212 (subd [f]) in order to obtain facts sustaining her opposition to the motion. Inasmuch as respondent failed to oppose the motion by the tender of evidentiary proof in admissible form, such as an affidavit by herself based on personal knowledge of the facts constituting her defenses, or to demonstrate an acceptable excuse for her failure to do so, Special Term should have granted the motion (see *Friends of Animals v Associated Fur Mfrs.,* 46 NY2d 1065, 1067-1068; *Behar v Ordover,* 92 AD2d 557). The order must therefore be reversed insofar as appealed from, and the motion for summary judgment granted. Thompson, J. P., O'Connor, Brown and Rubin, JJ., concur.