■ FRANK J. LANZA, JR., Respondent, v DAVID A. WELLS et al., Appellants. — In a negligence action to recover damages for personal injuries sustained as a result of an automobile accident, defendants appeal from an order of the Supreme Court, Orange County (Isseks, J.), dated April 4, 1983, which granted plaintiff's motion for partial summary judgment on the issue of liability and directed an assessment of damages. Order reversed, without costs or disbursements, and motion denied. While negotiating a right-hand curve at a speed of 10 to 15 miles per hour in excess of the posted speed limit, an eastbound vehicle driven by defendant David Wells skidded across the westbound lane of traffic and collided with an embankment. Plaintiff, a passenger in the vehicle, was injured. Although these facts suffice to establish a prima facie case of negligence (see *Pfaffenbach v White Plains Express Corp.,* 17 NY2d 132; *Bibbo v Taylor,* 89 AD2d 573), the explanation proffered by David Wells that he swerved to avoid a small animal, raises issues of fact as to whether the movement of the animal into the path of his vehicle created an emergency (see *Becker v Beir,* 275 App Div 146; *Massie v Barker,* 224 Mass 420), whether the emergency was contributed to by David Wells' own negligence, and whether he acted as would a reasonably prudent person under the same emergency circumstances by swerving to the left and applying his brakes (see *Kinsfather v Grueneberg,* 47 AD2d 789; *Etheridge v Magrino,* 75 AD2d 594). Additionally, David Wells' answer asserted that plaintiff's negligence contributed to the accident. Sufficient facts appear in the record to raise an issue as to whether David Wells' ability to drive was impaired by the consumption of alcoholic beverages a short period of time prior to the accident and whether plaintiff knew about David Wells' condition and acquiesced in riding with him as evidenced by plaintiff's offer to drive, made while in the parking lot of a

drinking establishment, which offer was declined (cf. *Eisenberg v Green,* 33 AD2d 756; *Burnell v La Fountain,* 6 AD2d 586). Thus, there are issues of fact with respect to the extent of plaintiff's and defendants' liability, if any, for the accident. Mollen, P. J., Gibbons, Weinstein and Rubin, JJ., concur.