■ PATRICIA GREGORY, Appellant, v NEW YORK CITY TRANSIT AUTHORITY, Respondent.—In a personal injury action resulting from a collision between two Transit Authority buses, plaintiff appeals from an order of the Supreme Court, Queens County (Pitaro, J.), dated February 23, 1984, which denied her motion for summary judgment on the issue of liability.

Order reversed, on the law, with costs, and motion granted.

This personal injury action arose as a result of an accident on May 17, 1981, when the plaintiff, Patricia Gregory, was injured while preparing to exit from a stopped bus of the New York City Transit Authority which was struck in the rear by a second New York City Transit Authority bus. The second bus, although it continued on without stopping, was identified as a Transit Authority bus at the scene by the plaintiff/passenger and the operator of the first bus, Arnold Lovett, defendant's employee.

In a subsequent accident report and in his examination before trial testimony, Arnold Lovett reiterated his identification of the second vehicle as a Transit Authority bus. He further testified that, at the time of the impact, his bus was in a bus stop at an angle from the curb with its rear end protruding about four to five feet. He testified that a bus at a bus stop should be parallel with the curb, according to the Transit Authority's rules and regulations.

Apparently, pursuant to its own investigation, defendant determined that Steven Robinson was the operator of the second bus. In his report and examination before trial testimony, Robinson denied any knowledge of contact between his bus and another bus at the time of the occurrence.

Plaintiff moved for summary judgment on the issue of liability, alleging that the evidence established that (1) she was injured as a result of the defendant's negligence in the rear-end collision of two Transit Authority buses while the forward bus upon which she was a passenger was stopped at a bus stop and (2) there were multiple violations of the defendant's rules and regulations concerning the procedures for stopping at bus stops, discharging of passengers and approaching other buses.

The motion was supported by plaintiff's affidavit, copies of the pleadings, bills of particulars, the bus operators' examinations before trial transcripts and a copy of the Transit Authority's rules relative to the operation of its buses.

Defendant's attorney's affirmation in opposition to the motion was not supported by any evidence. He merely denied plaintiff's proof in a conclusory manner and argued that by its very nature, the question of negligence presents issues of fact for a jury, that is, the reasonableness of the bus operators' conduct and the contributory negligence of the plaintiff.

Special Term denied the motion, holding that questions of fact existed requiring a trial.

On this record, no triable issue of fact was presented as to whether defendant was negligent or its rules were violated. Defendant's own employee, the operator of the bus upon which plaintiff was a passenger, established in his examination before trial testimony that only Transit Authority buses were involved in the accident and that the positioning of his bus and the approach of the second bus were in violation of the Transit Authority's rules and regulations.

We also find that no issue has been raised as to negligence on the part of the plaintiff (*see, Andre v Pomeroy,* 35 NY2d 361; *Behar v Ordover,* 92 AD2d 557). Lazer, J. P., Gibbons, Thompson and Kunzeman, JJ., concur.