■ ANDREW P. FITZ-GERALD, Appellant, v KIMBERLY RICH et al., Defendants, and B.M.W. FINANCIAL SERVICES, N. A., INC., Respondent. [674 NYS2d 232] —Order unanimously affirmed without costs. Memorandum: Supreme Court properly denied that part of plaintiff's motion seeking partial summary judgment on the issue of liability against defendant B.M.W. Financial Services, N. A., Inc. (BMW). Plaintiff, a passenger in the back seat of an automobile driven by defendant Mark A. Santomassino, was injured when Santomassino allegedly swerved to avoid a deer and lost control of the automobile. The court properly refused to determine that BMW is vicariously liable as a matter of law, as the owner of the vehicle leased to

Santomassino (*see*, Vehicle and Traffic Law § 388). BMW's liability pursuant to Vehicle and Traffic Law § 388 derives from the alleged negligence of Santomassino, and there are issues of fact concerning his alleged negligence. Whether the emergency doctrine applies is an issue of fact for trial (*see*, *Rivera v New York City Tr. Auth.*, 77 NY2d 322, 326-327, *rearg denied* 77 NY2d 990; *Laylon v Shaver*, 187 AD2d 983).

The court also properly denied that part of plaintiff's motion seeking dismissal of BMW's seat belt defense. Although BMW cited an inapplicable section of the Vehicle and Traffic Law in its answer, it provided plaintiff with notice of its intention to rely upon the defense in its amended answer and amended verified bill of particulars. Thus, there is no surprise to plaintiff (*see*, CPLR 3013). BMW raised an issue of fact whether plaintiff was wearing an available seat belt, thus precluding dismissal of the defense (*see generally*, *Davis v Hall*, 233 AD2d 906).

We have examined plaintiff's remaining contentions and conclude that they lack merit. (Appeal from Order of Supreme Court, Oneida County, Grow, J.—Summary Judgment.) Present—Green, J. P., Pine, Hayes, Callahan and Fallon, JJ.