■ Jared T. Ferris, Appellant, v Mark M. Grogan, Respondent. [922 NYS2d 634]—

Malone Jr., J. Appeal from an order of the Supreme Court (Ferradino, J.), entered November 15, 2010 in Saratoga County, which, among other things, granted defendant's motion for summary judgment dismissing the complaint.

Plaintiff was driving northbound on West River Road in the

Town of Moreau, Saratoga County at approximately 11:30 P.M. on January 21, 2009 when he fell asleep and his vehicle veered off the road to the west, struck a tree, and came to rest perpendicularly to the road so that the back end of his vehicle extended approximately six feet into the southbound lane. Plaintiff exited his vehicle, which was inoperable and unlit, and stood next to the driver's side rear wheel while attempting to make a telephone call for help. As he was dialing, plaintiff observed defendant's vehicle traveling southbound and he began to wave his arms above his head. Defendant testified that he was traveling between 35 and 45 miles per hour and first observed plaintiff's vehicle from approximately 100 feet away. Defendant immediately braked and swerved to the left, successfully avoiding a collision with plaintiff's vehicle. However, as defendant swerved, plaintiff attempted to run across the road and was hit by defendant's vehicle.

Plaintiff thereafter commenced this action to recover damages for his injuries. Following joinder of issue, defendant moved for summary judgment dismissing the complaint. Plaintiff opposed the motion and cross-moved for partial summary judgment on the issue of liability. Supreme Court granted defendant's motion and dismissed the complaint. Plaintiff appeals.

A driver who is confronted with " 'a sudden and unexpected circumstance which leaves little or no time for thought, deliberation or consideration' " may not be liable if his or her actions taken in response are reasonable (*Caristo v Sanzone*, 96 NY2d 172, 174 [2001], quoting *Rivera v New York City Tr. Auth.*, 77 NY2d 322, 327 [1991]). Under the circumstances here, plaintiff's disabled vehicle and his subsequent dash into defendant's line of travel presented defendant with an emergency situation (*see Holtermann v Cochetti*, 295 AD2d 680, 681 [2002]). Defendant's testimony, which was consistent with that of a nonparty witness, that he was traveling at a reasonable rate of speed and first saw plaintiff's disabled vehicle from approximately 100 feet away was sufficient to establish that his actions of braking and swerving into the northbound lane—which was clear of traffic—were reasonable actions to avoid striking the disabled vehicle. The testimony of defendant and the nonparty witness that plaintiff suddenly dashed into the road from behind his vehicle as defendant was swerving sufficiently established that defendant had very little or no time to react or to avoid striking plaintiff. Under these circumstances, defendant established his entitlement to judgment as a matter of law.

In opposition, plaintiff did not submit sufficient admissible evidence to raise a triable issue of fact as to whether defend-

ant's reactions were reasonable or whether defendant in any way contributed to the creation of the emergency situation. Mere speculation that defendant should have taken some other unspecified evasive measures, could have stopped his vehicle or was otherwise negligent by causing the accident is insufficient to defeat defendant's motion for summary judgment (*see Koenig v Lee*, 53 AD3d 567, 568 [2008]).

To the extent not specifically addressed herein, plaintiff's remaining contentions have been considered and found to be without merit.

Mercure, J.P., Lahtinen, Kavanagh and Garry, JJ., concur. Ordered that the order is affirmed, with costs.