# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**244**
**CA 11-02074**
PRESENT: SCUDDER, P.J., SMITH, FAHEY, CARNI, AND SCONIERS, JJ.

KIM M. BRADY, PLAINTIFF,

V             MEMORANDUM AND ORDER

PAT CASILIO, ROSEMARY CASILIO, CASILIO REAL
ESTATE & DEVELOPMENT CORPORATION, DELAWARE
NASH BUILDING, LLC, NORTHWEST BANKCORP MHC,
DEFENDANTS-APPELLANTS,
HUNT & ASSOCIATES 2021, LLC, JJJJJ &
ASSOCIATES, LLC, AND M.J. MANZELLA & ASSOCIATES,
LLC, DEFENDANTS-RESPONDENTS.

SUGARMAN LAW FIRM LLP, SYRACUSE (MICHAEL A. RIEHLER OF COUNSEL), FOR
DEFENDANTS-APPELLANTS PAT CASILIO, ROSEMARY CASILIO, CASILIO REAL
ESTATE & DEVELOPMENT CORPORATION, AND DELAWARE NASH BUILDING, LLC.

THE LAW OFFICE OF EDWARD M. EUSTACE, WHITE PLAINS (CHRISTOPHER M.
YAPCHANYK OF COUNSEL), FOR DEFENDANT-APPELLANT NORTHWEST BANKCORP MHC.

KENNEY SHELTON LIPTAK NOWAK LLP, BUFFALO (NEIL A. PAWLOWSKI OF
COUNSEL), FOR DEFENDANTS-RESPONDENTS.

---

Appeals from an order of the Supreme Court, Erie County (Donna M. Siwek, J.), entered July 14, 2011 in a personal injury action. The order denied the motion of defendants Pat Casilio, Rosemary Casilio, Casilio Real Estate & Development Corporation, and Delaware Nash Building, LLC, and the cross motion of defendant Northwest Bankcorp MHC for summary judgment dismissing the complaint and cross claims.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion and cross motion are granted and the complaint and all cross claims against defendants Pat Casilio, Rosemary Casilio, Casilio Real Estate & Development Corporation, Delaware Nash Building, LLC and Northwest Bankcorp MHC are dismissed.

Memorandum: Plaintiff commenced this action seeking damages for injuries she sustained when she slipped and fell in a parking lot. Defendants Pat Casilio, Rosemary Casilio, Casilio Real Estate & Development Corporation and Delaware Nash Building, LLC (collectively, Casilio defendants) moved for summary judgment dismissing the complaint and all cross claims against them, and defendant Northwest Bankcorp MHC (Northwest) cross-moved for the same relief. We agree with the Casilio defendants and Northwest that Supreme Court erred in

denying their motion and cross motion, respectively, and we therefore reverse.

According to plaintiff, she fell on the premises at 2987 Delaware Avenue in Kenmore, New York. Defendants Hunt & Associates 2021 LLC, JJJJJ & Associates, LLC and M.J. Manzella & Associates, LLC (collectively, Hunt defendants) admitted in their answer that they owned that property. The Casilio defendants moved and Northwest cross-moved for summary judgment on the ground that they did not own or control the premises upon which the accident allegedly occurred. In support of the motion and cross motion, they submitted the pleadings and the deposition testimony of plaintiff, in which she testified that she slipped and fell in a parking lot, as well as the photograph exhibit from that deposition, which established that the parking lot is adjacent to the property owned or leased by the Casilio defendants and Northwest. We therefore conclude that those defendants met their initial burden by submitting admissible evidence establishing that they did not own the property where the accident occurred (*see Biggs v Hess*, 85 AD3d 1675, 1675-1676).

In opposition to the motion and the cross motion, the Hunt defendants failed to raise a triable issue of fact whether the Casilio defendants and Northwest owned the property in question. Contrary to the contention of the Hunt defendants, the police accident report and the deposition testimony of the officer who filled it out are insufficient to raise a triable issue of fact. The officer did not observe the accident, and his testimony repeating plaintiff's statements constitutes hearsay (*see generally Quinones v New England Motor Frgt. Inc*., 80 AD3d 514, 515; *Christopher v Coach Leasing, Inc.*, 66 AD3d 1522, 1523). Furthermore, even assuming, arguendo, that the testimony and report would be admissible evidence, we conclude that they fail to establish that plaintiff contradicted her deposition testimony regarding the location of the accident.

Entered: March 16, 2012

Frances E. Cafarell
Clerk of the Court