# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

354

CA 14-01198

PRESENT: SCUDDER, P.J., SMITH, CARNI, SCONIERS, AND WHALEN, JJ.

---

THEODORE J. SHAW, LANETTE SHAW AND THEODORE
JAMES SHAW, DOING BUSINESS AS COLISEUM,
PLAINTIFFS-RESPONDENTS,

V                                                          MEMORANDUM AND ORDER

ROSHA ENTERPRISES, INC., DEFENDANT-APPELLANT.

---

HURWITZ & FINE, P.C., BUFFALO (MICHAEL F. PERLEY OF COUNSEL), FOR
DEFENDANT-APPELLANT.

WALSH, ROBERTS & GRACE, BUFFALO (KEITH N. BOND OF COUNSEL), FOR
PLAINTIFFS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Allegany County
(Thomas P. Brown, A.J.), entered September 10, 2013. The order, among
other things, granted plaintiffs' motion for partial summary judgment.

It is hereby ORDERED that the order so appealed from is
unanimously modified on the law by denying plaintiffs' motion, and as
modified the order is affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking monetary
damages after a tractor-trailer owned by defendant and permissively
operated by its employee crashed into a building that plaintiffs owned
and operated as a roller skating rink. Following the collision, the
building was engulfed in a fire and sustained significant damage.
Plaintiffs have been directed by the Town of Genesee to demolish the
building on the ground that, in its current condition, the "building
poses a threat to public safety."

Plaintiffs moved for partial summary judgment on the issue of
liability. Defendant opposed that motion and cross-moved for summary
judgment seeking, inter alia, to limit damages to the market value of
the property before the accident and to dismiss plaintiffs' claim for
demolition costs. Supreme Court granted plaintiffs' motion and denied
defendant's cross motion in part. We conclude that the court erred in
granting plaintiffs' motion, and we therefore modify the order
accordingly.

It is undisputed that the damage to plaintiffs' building was
caused by the accident, but we nevertheless conclude that plaintiffs
failed to meet their initial burden of establishing as a matter of law
that the collision was caused by the negligence of defendant's

employee (hereafter, driver) (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562). Aside from a verified bill of particulars and an amended verified bill of particulars, neither of which contains evidence in admissible form related to the circumstances of the accident, the only other evidence submitted by plaintiffs related to the accident was a police accident report. "Although a police report generally is admissible as a business record . . . , statements contained in the report concerning the cause of an accident constitute inadmissible hearsay unless the reporting officer witnessed the accident . . . , the reporting officer is qualified as an expert . . . , or the statements meet some other exception to the hearsay rule" (*Huff v Rodriguez*, 45 AD3d 1430, 1432; *see Brady v Casilio*, 93 AD3d 1190, 1191). Inasmuch as the reporting officer did not witness the accident and was not qualified as an expert, the statements contained in the report, to be admissible, must fall within an exception to the hearsay rule. Plaintiffs failed to establish that the statements contained in the police report concerning the cause of the accident fall within such an exception, and thus the cause of the accident is a matter for speculation, which is insufficient to establish as a matter of law that the driver was negligent.

Even if we were to consider the inadmissible statements contained within the police accident report, we would nevertheless conclude that they raise triable issues of fact whether the driver, who has since passed away from unrelated causes, was negligent. Immediately after the accident, the driver informed the reporting officer that he "swerved to the left to avoid an unknown object in [the] roadway." In our view, that statement raises triable issues of fact on the applicability of the emergency doctrine and the driver's purported negligence (*see Fitz-Gerald v Rich*, 251 AD2d 1017, 1017-1018; *see also Ferris v Grogan*, 84 AD3d 1571, 1572, *lv denied* 17 NY3d 709; *Mazzarella v McVeigh*, 283 AD2d 557, 557; *Lanza v Wells*, 99 AD2d 506, 506). Contrary to plaintiffs' contention, this is not a situation in which defendant has opposed a motion for summary judgment by relying on hearsay (*cf. Weinstein v Nicolosi*, 117 AD3d 1036, 1037; *Candela v City of New York*, 8 AD3d 45, 47; *Sunfirst Fed. Credit Union v Empire Ins. Co./All City Ins. Co.*, 239 AD2d 894, 894-895). Rather, this is a situation in which plaintiffs, in support of their own motion, submitted hearsay statements raising a triable issue of fact and, in effect, "adopted [those statements] as accurate" (*Vetrano v J. Kokolakis Contr., Inc.*, 100 AD3d 984, 986; *see also Carey v Five Bros., Inc.*, 106 AD3d 938, 939-940).

In their reply papers, plaintiffs submitted evidence that, years before the motion, the driver had pleaded guilty to a change lane hazard (*see* Vehicle and Traffic Law § 1128 [d]) with respect to the accident. They also submitted portions of the deposition from a police officer who responded to the scene of the accident and interviewed the driver. According to the officer's testimony, the driver stated that "he saw something in the roadway and that he swerved to miss it." The driver repeated that statement to the officer several days later. Although it is well settled that courts may not consider evidence submitted in reply papers when determining whether a party met its initial burden on a summary judgment motion

(*see Walter v United Parcel Serv., Inc.*, 56 AD3d 1187, 1188;
*Wonderling v CSX Transp., Inc.*, 34 AD3d 1244, 1245), plaintiffs'
attorney contended at oral argument of this appeal that there had been
an agreement to refile the motion following the officer's deposition.

Were we to consider the documents filed by plaintiffs in their
"reply" papers in determining whether plaintiffs met their initial
burden, we would nevertheless conclude that there are triable issues
of fact whether the driver was negligent. It is well settled that
"the fact that [the] driver entered a plea of guilty to a Vehicle and
Traffic Law offense is only some evidence of negligence and does not
establish his negligence per se" (*Verkey v Hebard*, 99 AD3d 1205, 1206;
*see Kelley v Kronenberg* [appeal No. 2], 2 AD3d 1406, 1407; *Cullipher v
Traffic Markings* [appeal No. 3], 259 AD2d 992, 992-993; *Canfield v
Giles* [appeal No. 1], 182 AD2d 1075, 1075; *see generally Ando v
Woodberry*, 8 NY2d 165, 171). Rather, it is the "*unexcused* violation
of the Vehicle and Traffic Law [that] constitutes negligence per se"
(*Long v Niagara Frontier Transp. Auth.*, 81 AD3d 1391, 1392 [emphasis
added]; *see Stalikas v United Materials*, 306 AD2d 810, 811, *affd* 100
NY2d 626; *Arms v Halsey*, 43 AD3d 1419, 1419; *Heffernan v Logue*, 40
AD2d 1071, 1071). If a trier of fact accepts as true the position
that the driver swerved to avoid an object in the road, the jury may
excuse the driver's alleged negligence, in which case defendant would
not have any vicarious liability for the accident (*see Fitz-Gerald*,
251 AD2d at 1017-1018; *see also Ferris*, 84 AD3d at 1572; *Mazzarella*,
283 AD2d at 557; *Lanza*, 99 AD2d at 506).

Even assuming, arguendo, that plaintiffs met their initial
burden, we would still conclude that their motion should have been
denied. A party opposing a motion for summary judgment "must produce
evidentiary proof in admissible form sufficient to require a trial of
material questions of fact on which [the party] rests [its] claim or
*must demonstrate [an] acceptable excuse for [its] failure to meet the
requirement of tender in admissible form*" (*Zuckerman*, 49 NY2d at 562
[emphasis added]). Here, defendant established an acceptable excuse
for its failure to submit evidence in admissible form to oppose
plaintiffs' motion. Defendant's driver, who would be the person in
possession of the relevant knowledge, was unavailable because he had
passed away from unrelated causes before he could be deposed
concerning the circumstances of the accident (*see e.g. Egleston v
Kalamarides*, 58 NY2d 682, 684; *Gizzi v Hall*, 300 AD2d 879, 881;
*Maldonado v Townsend Ave. Enters., Ltd. Partnership*, 294 AD2d 207,
208). While we agree with plaintiffs that defendant's reliance on the
*Noseworthy* doctrine (*Noseworthy v City of New York*, 298 NY 76) is
unpreserved for our review (*see Ciesinski v Town of Aurora*, 202 AD2d
984, 985) and, in any event, misplaced, defendant raised the
unavailability of its driver in opposition to the motion and thus
preserved for our review its contentions concerning its inability to
oppose plaintiffs' motion with evidence in admissible form. This is
not a situation in which the party opposing summary judgment "failed
to submit any evidence other than hearsay in opposition to
[plaintiffs'] motion *and* did not tender any excuse for the failure to
do so" (*Sunfirst Fed. Credit Union*, 239 AD2d at 895 [emphasis added];

*cf. Candela*, 8 AD3d at 47; *Narvaez v NYRAC*, 290 AD2d 400, 400-401).

We agree with plaintiffs, however, that the court properly denied that part of defendant's cross motion for summary judgment seeking to limit damages.  It is well settled that the standard for assessing damages to property is the lesser of replacement cost or diminution in market value (*see Fisher v Qualico Contr. Corp.* 98 NY2d 534, 540; *Hartshorn v Chaddock*, 135 NY 116, 122, *rearg denied* 32 NE 648; *Franklin Corp. v Prahler*, 91 AD3d 49, 57).  Here, it is undisputed that the cost of the required demolition exceeds the fair market value of the property before the accident.  Defendant contends that plaintiffs' damages are limited to the market value of the property before the accident, with no consideration of demolition costs, inasmuch as the full market value of the property before the accident is less than the repair or replacement cost.  We agree with plaintiffs, however, that demolition costs are recoverable where the property to be demolished constitutes a "safety hazard beyond repair" (*Lichter v 349 Amsterdam Ave. Corp.*, 22 AD3d 394, 395, *lv denied* 6 NY3d 704).  There are also situations in which a property may be deemed to have a negative market value, i.e., where the cost to remediate the property exceeds the market value of the property (*see Matter of Roth v City of Syracuse*, 21 NY3d 411, 415; *Matter of Commerce Holding Corp. v Board of Assessors of Town of Babylon*, 88 NY2d 724, 729-730).  "It is well settled that the purpose of awarding damages in a tort action is to make the plaintiff whole" (*Franklin Corp.*, 91 AD3d at 54).  Moreover, "valuation [is] largely a question of fact, and the [trial] courts have considerable discretion in reviewing the relevant evidence as to the specific propert[ies] before them" (*Matter of Consolidated Edison Co. of N.Y., Inc. v City of New York*, 8 NY3d 591, 597).

Entered:  June 19, 2015                      Frances E. Cafarell
                                             Clerk of the Court