■ MADELENE R. WEEKS, as Administratrix of the Estate of RAYMOND H. WEEKS, Deceased, Appellant, v. BEVERLY J. BEARDSLEY et. al., Respondents. —COOKE, J. Appeal (1) from a judgment of the Supreme Court in favor of defendants, entered January 24, 1968 in Chenango County, upon a verdict of no cause of action rendered at a Trial Term, and (2) from an order of said court entered February 23, 1968, which denied plaintiff's motion to set aside the verdict. Raymond H. Weeks, employed to put joists between concrete forms by the joint venture contractors reconstructing Route 12 between Greene and Brisben, died from injuries received on October 30, 1964 when struck by an automobile operated by Beverly J. Beardsley proceeding southerly on said highway in the area of a paving machine and spreader. Jury verdicts should not be set aside merely because the Trial Judge, or an appellate court on appeal, would have decided differently, but, rather, only in cases where the verdict seems palpably wrong and it can be plainly seen that the preponderance is so great that the jury could not have reached their conclusion upon any fair interpretation of the evidence (*Braun* v. *Consolidated Edison Co. of N. Y.*, 31 A D 2d 165, 171–172; *Smith* v. *McIntyre*, 20 A D 2d 711; *Marton* v. *McCasland*, 16 A D 2d 781; *Rapant* v. *Ogsbury*, 279 App. Div. 298; 4 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 4404.09). Here, it cannot be said that clearly the jury acted mistakenly on the contributory negligence issue since there was evidence from which it could be found that the accident occurred shortly after noon, when the lunch break normally began, that decedent at the time was by the paver and not working on concrete forms, that he was standing on the hard surface lane facing the paving machine and not looking for approaching traffic, that at the time he was struck he was either drinking water or lighting a cigar on a windy day and that a fellow worker about 10 feet distant yelled to Weeks to watch out just before contact. (See *La Goy* v. *Director-General of Railroads*, 231 N. Y. 191, 196; *Volosko* v. *Interurban Street Ry. Co.*, 190 N. Y. 206, 209–210; 6 Warren's Negligence, p. 470.) Neither was the record barren of items of proof upon which the jury could reasonably base a determination as to defendant operator's freedom of negligence, e.g., that she was going slow and not fast, about 10 or 15 miles per hour, that she came to a stop about 100 feet before point of impact, that the flagman did not stop her from proceeding in the lane on which she was traveling, that said lane was not blocked or barricaded for travel, that there were barrels and wheelbarrows in the area, that there was another car approaching from the opposite direction, that there was a group of men around the machinery, that her vehicle barely touched decedent and that there was no damage to it. Factors such as the narrowness of the lane upon which Mrs. Beardsley was required to drive, the animate and inanimate objects on the highway and decedent's acts point up the sharp differences with the situation in *Berberich* v. *Mathieu* (17 A D 2d 780), cited by appellant. In view of the conclusion arrived at herein there is no need to consider corporate defendant's liability, toward which a considerable portion of appellant's thrust is directed. Judgment affirmed, without costs. Herlihy, P. J., Reynolds, Staley, Jr., and Cooke, JJ., concur in memorandum by Cooke, J.