■ JUANITA PETERSON, Respondent, v. NATHANIEL WASHINGTON, Defendant, and HERBERT BROWN, Appellant.— In a negligence action to recover damages for personal injuries, defendant Brown appeals from an order of the Supreme Court, Queens County, dated November 15, 1968, which granted plaintiff's motion to set aside the jury's verdict insofar as it was in said defendant's favor and for a new trial against the latter. Order reversed, with costs, plaintiff's motion denied, and verdict as to defendant Brown reinstated. The evidence presented two sharply conflicting factual versions of the manner in which the accident occurred. Plaintiff was a passenger in a car owned and operated by defendant Washington which was proceeding in an easterly direction on Baisley Boulevard, Queens, about midnight on Sunday, June 4, 1967. The Boulevard runs east-west, with three lanes of traffic in each direction, including a parking lane on each side. The eastbound and westbound lanes are separated by a divider about three feet wide and six inches high. Washington was traveling about 35 miles per hour in the extreme lefthand lane next to the divider. Brown was proceeding in a westerly direction in the middle lane at a speed of about 25 miles per hour. It is plaintiff's contention that while Washington was attempting a left turn his car hit and went over the divider and stopped half on and half off it. There, Washington's car remained stalled for about a minute, straddling the divider, when Brown came along

and crashed into it. Brown, on the other hand, testified that he first observed Washington's car when it was about 50 feet in front of him. Suddenly, Washington's car came up over the divider and struck Brown's car in the westbound lane. Brown testified that he applied his brakes prior to the collision but was unable to avoid hitting Washington's car. He further testified that there were cars parked in the extreme righthand lane which prevented him from steering in that direction. After the accident Washington was arrested and taken to a police station, where a drunkometer test showed he was intoxicated; and subsequently he pleaded guilty to a reckless driving charge. The trial court charged the jury at considerable length, stating that it was for them to decide which of the conflicting versions they would accept. It must decide where the truth was as between Washington's version that he was stopped on the divider and Brown ran into his stationary car, or Brown's version. Plaintiff's attorney took no exceptions to the charge. In our opinion, there was ample evidence to support the jury's verdict in favor of Brown. It is well settled that where a jury has reached a determination upon an interpretation of matters concededly within their sphere, their verdict should not be set aside because the court drew conclusions from the facts different from those fairly drawn by the jury (*Vaughn-Rees* v. *Connolly*, 30 A D 2d 785). The evidence in the instant case does not in our opinion so clearly preponderate in plaintiff's favor that the verdict in favor of defendant Brown could not have been reached on any fair interpretation of the evidence (*Marton* v. *McCasland*, 16 A D 2d 781, 782). Christ, P. J., Rabin, Hopkins, Munder and Martuscello, JJ., concur.