■ JACK WALDECK, as Administrator of the Estate of ALICE M. WALDECK, Deceased, Respondent-Appellant, v. GREGORY R. SNYDER, Appellant-Respondent. — Order reversed on the law and facts, without costs, and verdict of the jury reinstated. Memorandum: The order of the Trial Justice setting aside the verdict of no cause of action should be reversed and the jury's verdict reinstated. The issues involving the tragic circumstances causing the death of the decedent were well and fully presented to the jury by able and experienced trial counsel and no charge is made by the appellant that would reflect in any way on the fairness and propriety of the conduct of the trial by the Trial Justice. While the negligence of the defendant could be clearly found to be established by the evidence, it would appear to be equally clear that a fair analysis of the evidence permitted a finding by the jury of contributory negligence on the part of the decedent. The jury had before it the testimony of the defendant trooper that he observed the decedent in his northbound passing lane when she was 10 to 15 feet in front of his car and that the impact occurred at that point. He was subjected to a rigorous cross-examination by plaintiff's counsel and his credibility and the accuracy of his testimony was properly a subject for the jury's consideration. No other witness was able to fix the point of impact. The two girls with the decedent testified that before the impact they observed the headlights of two oncoming cars in the northbound lanes as they were crossing the highway to the east. They related that the cars were not directly opposite each other but one a little in front of the other. Neither could fix the decedent's position when struck with reference to the line separating the median from the northbound passing lane and they could determine her position ahead of them only with reference to their own. Their own position immediately before the impact could not be fixed with

reference to any observation of the lines marking the median . either but, at best, their testimony represented their approximation of their situation and the decedent's. The evidence adduced by both parties presented a question of fact as to the girl's location and fairly permitted a finding of contributory negligence on the part of decedent in placing herself in a position of danger, by stepping out directly in front of an oncoming car, which she reasonably should have observed and could reasonably have avoided. The jury's verdict in favor of defendant should not have been set aside since it does not appear that the evidence so preponderates in favor of the plaintiff that a verdict for the defendant could not have been reached on any fair interpretation of the evidence. (See *Peterson* v. *Washington*, 34 A D 2d 967; *Fogel* v. *Nelson*, 33 A D 2d 540; *Marton* v. *McCasland*, 16 A D 2d 781.) All concur, except Gabrielli and Moule, JJ., who dissent and vote to affirm the order, in the following memorandum: The accident occurred while defendant was traveling northbound on a four-lane highway running generally north and south with two lanes for traffic in each direction. Each lane was approximately 11 feet wide and in the center of the highway there was a road level mall with two sets of solid double lines on each side. The mall between the two sets of double lines was 4 feet, 3 inches. Northbound traffic faced a gradual curve to the right in the vicinity of the accident. Defendant was a New York State Trooper returning to work to reset a radar trap near Hinsdale when the accident occurred. The decedent, a 12-year-old girl, together with two companions, was crossing Route 16 on her way from the home of one of the girls to the Hinsdale Central School for a dance. There was no crosswalk or traffic signal in the area, so they had to cross the highway without the benefit of these safety devices. Plaintiff claimed that the decedent was in the safety mall when struck and that defendant's automobile crossed the solid double lines. Defendant claimed that while he was passing another vehicle, the decedent suddenly appeared in his lane and he struck her. The defendant was clearly negligent. Because of the darkness and the road curving to the right, when he veered to the left to pass the Volkswagen, he could only see 50 to 100 feet in front of him, and his lights were slightly to the left in the road because of the curve. He saw nothing in the median and admittedly did not have a clear view of the highway. He was in the passing lane going 50-55 miles per hour and, when he did see the decedent, he was but 10 feet from her. He said that she was two or three feet from the median in his lane, but that he was unable to distinguish her as a human. Defendant did not swerve or apply his brakes. Defendant did not sustain the burden of proof that decedent was negligent. Both of the girls who were with the decedent testified that they were all in the safety zone. There was no proof that she walked or ran into the path of defendant. Further, the physical evidence would indicate that the accident did not happen in the northbound lane. After the accident decedent's body came to rest in the southbound lanes, her shoes were in the median 158 feet south of her body, her coat collar was also in the median about 40 feet north of her shoes, her coat sleeve was on the edge of the median 56 feet north of her shoes, and the heel of her right shoe was in the southbound lane about 87 feet north of her shoes. Under the circumstances, the Trial Judge was justified in setting aside the verdict in favor of defendant. (*Mann* v. *Hunt*, 283 App. Div. 140; cf. *Olsen* v. *Chase Manhattan Bank*, 10 A D 2d 539, affd. 9 N Y 2d 829.) (Appeals from order of Cattaraugus Trial Term in wrongful death action.) Present — Del Vecchio, J. P., Marsh, Gabrielli, Moule and Henry, JJ.