■ STEPHEN YERDON, an Infant, by EARL YERDON, His Parent, et al., Appellants, v BALDINWINSVILLE ACADEMY AND CENTRAL SCHOOL DISTRICT et al., Respondents.—Judgment unanimously affirmed, without costs. Memorandum: Appellant Stephen Yerdon, an infant, by Earl Yerdon, his father, brought this action against the Baldinwinsville Academy and Central School District, which the infant attended, Donald S. Ray, the Superintendent of Schools, and Leo J. Johnson, a physical education teacher, for severe injuries suffered by appellant while participating in a regular physical education class. Appellant was injured while engaging in an exercise known as "Ride the Horse", or "Johnny, Ride the Pony", or "Buck-Buck". The jury returned a verdict of no cause of action and in reporting its verdict stated, "There was no negligence as far as the school or the physical ed instructor is concerned". The only ground for reversal asserted by appellant is that the judgment is against the weight of the evidence and contrary to the evidence as a matter of law. Appellant took no exception to the charge of the court and made no request to charge. It therefore is necessary to search the record to ascertain whether the trial court properly submitted the question of respondents' negligence to the jury for its resolution. At trial plaintiff attempted to prove that the game itself was so dangerous in the manner played in the case at bar that directing its play during the gym class was in itself negligent, or in the alternative, that the supervision and direction were so inadequate as to constitute negligence. Plaintiff's fellow students testified as to the manner in which the game was taught and stated that floor mats were not used. Plaintiff's expert, a university physical education professor, testified that the game was inherently dangerous and did not belong in the public school system; that if it was played, mats should be used on the floor. Defendants produced two experts, a university former dean of health, physical education and recreation and a high school teacher who is the co-ordinator of health, physical education and recreation at the school where he teaches. Both testified that the game was not inherently dangerous, and that it was not unreasonable to play the game in a high school education program at the tenth grade level, which was plaintiff infant's grade. One of defendant's expert witnesses testified that the game should not be played with mats on the floor because the use of mats would reduce the participants' footing. Defendants' third expert witness, a director of physical education at an independent academy, testified that the game was a popular one in schools and has been played since early history days. The testimony given by these witnesses presented questions of fact as to the

alleged negligence which the court in its charge properly presented to the jury for its determination. At the close of the plaintiff's case defendants moved for a nonsuit and dismissal of the complaint. In his opposition to the motion plaintiff's counsel stated several times that there were various questions of fact which required submission of the case to the jury. It is significant also that plaintiff made no request to charge and took no exception to the charge. A jury verdict in favor of the defendant should not be set aside unless it clearly appears that the evidence so preponderates in plaintiff's favor that the verdict for defendant could not have been reached by any fair interpretation of the evidence *(Waldeck v Snyder,* 37 AD2d 902; *Peterson v Washington,* 34 AD2d 967; *Weeks v Beardsley,* 33 AD2d 607). It is well settled that when a jury reaches a determination upon an interpretation of the facts, which are concededly in their sphere, a court may not set aside their verdict simply because the court would draw conclusions different from those of the jury. (Appeal from judgment of Onondaga Trial Term in negligence action.) Present—Moule, J. P., Simons, Mahoney, Goldman and Witmer, JJ.