■ BARRY A. BERGERON, Appellant, v ROGER HYER ET AL., Respondents.

—Judgment unanimously affirmed, without costs. Memorandum: The plaintiff and defendant were relatives who met at a bowling alley in the Town of Bath at approximately 4:30 P.M. on the date of the accident. After remaining there for about a half hour during which time the plaintiff and defendant consumed some beer, they left the bowling alley and went to the home of the defendant, Roger Hyer, who was driving an automobile owned by defendant, Linda Hyer. Here the parties' testimony becomes divergent in that plaintiff testified when they left the Hyers' house they went immediately to the Flamingo Restaurant. However, the defendant Roger Hyer stated that they went woodchuck hunting for some time and arrived at the Flamingo at about 9:00 P.M. While at the restaurant both parties consumed more beer. Some two hours later plaintiff told defendant that he wished to go out and sit in defendant's car, claiming to be tired. He was followed approximately 15 minutes later by defendant. Here again the testimony is very divergent in that plaintiff testified that the next he remembered was awakening the following morning and discovering his various injuries. However, the defendant testified that when he returned to the vehicle he had some conversation with the plaintiff and then proceeded south on Route 15. Defendant further testified that he was familiar with the road, that he was driving at a legal rate of speed and as he approached a detour in the roadway he began braking the vehicle and attempted to turn into the detour. However, during this process the front end of his vehicle "suddenly shifted to the right" and struck a detour sign which caused the injuries sustained by plaintiff. Plaintiff was taken to the hospital by the defendant where he was treated in the emergency room, the record of which was introduced during the course of the trial. An entry therein relative to the plaintiff is that there was "a strong odor of alcohol to breath—very belligerent". The same report under diagnosis states "acute alcoholism". Both plaintiff and defendant, who were of course interested parties, admitted to the beers that they had consumed but stated that neither one was intoxicated. The plaintiff, it should be recalled, had no recollection of the accident itself or how it occurred, and the only testimony, therefore, came from the defendant Roger Hyer. A fair analysis of the testimony here would indicate that the trier of the facts, that is, the jury, could logically have inferred that the defendant's testimony, as well as the plaintiff's was incredible because of the statements that neither one was intoxicated, despite the finding that the plaintiff was "belligerent" and suffering from "acute alcoholism". Appellant relies heavily on *Pfaffenbach v White Plains Express Corp.* (17 NY2d 132), which holds that a mere showing that when an automobile leaves its lane of travel and collides with another object, in the absence of an explanation, it establishes a prima facie case of negligence. This case is clearly distinguishable from *Pfaffenbach,* wherein the defendant gave no explanation of the occurrence where, as here, the only testimony relative to the accident came from the defendant. The *Pfaffenbach* court stated (p 135): "The explanation of the defendant, if he gives one, will also usually be for the jury. The same rule, open to additional factual evaluation of his own responsibility for events, would apply to the passenger in a car which goes out of control." The testimony clearly presented a jury question with respect to defendant's intoxication and plaintiff's assuming the role of passenger with knowledge of it. This question was apparently decided in favor of the defendant. Bearing in mind that the jury heard testimony that (1) the parties were relatives and old friends and (2) they had been together for hours consuming several beers, the question of whether the defendant had the ability to function normally or whether he was under the influence of the beer consumed was

necessarily a jury question. "It becomes very clear in *Kinnie v. Town of Morristown* (184 App. Div. 408) that knowledge of such intoxication of the driver as to deprive him of reasonable control is an indispensable condition to a finding of contributory negligence which will bar recovery; and the decided cases indicate that this, in each instance, becomes a problem for specific factual resolution by the jury." *(Burnell v La Fountain,* 6 AD2d 586, 591.) Since the question of negligence and contributory negligence was one for jury decision we must be mindful of the ruling in *De Visser v Mitchell* (35 AD2d 963), "the question of credibility on which the case turned, was for the jury, not the trial court to decide". The rule enunciated by the Court of Appeals in *Piwowarski v Cornwell* (273 NY 226, 229) is germane: "No court has power to determine the truth or falsity of the evidence of these interested witnesses. Their credibility, even though their testimony be uncontradicted, when contradiction is impossible and its truthfulness or accuracy is open to a reasonable doubt, was exclusively for the jury." The charge taken as a whole was fair to both parties and though we might differ with its terminology, we believe that there is no substantial error warranting reversal. In *Waldeck v Snyder* (37 AD2d 902, 903) we stated: "The jury's verdict in favor of defendant should not have been set aside since it does not appear that the evidence so preponderates in favor of the plaintiff that a verdict for the defendant could not have been reached on any fair interpretation of the evidence. (See *Peterson v. Washington,* 34 A D 2d 967; *Fogel v. Nelson,* 33 A D 2d 540; *Marton v. McCasland,* 16 A D 2d 781.)" The plaintiff seems to rely upon a decision of this court in *Freyer v Gangi* (42 AD2d 832) which is factually inapposite to the facts under consideration here, in that the plaintiff did not object to the submission to the jury of the so-called "sleeping passenger" doctrine relative to the issue of contributory negligence. Therefore, he cannot now urge it on this appeal. (Appeal from judgment of Livingston Supreme Court—auto negligence.) Present—Cardamone, J. P., Simons, Mahoney, Dillon and Witmer, JJ.