■ WILLIAM A. SATURNO, Appellant, v ROGER YANOW, as Administrator of Estate of ELEANOR YANOW, Deceased, Respondent.—Judgment unanimously affirmed, with costs. Memorandum: This negligence action arises from a 1971 collision involving two vehicles at an intersection in the City of Rochester. The defendant Eleanor Yanow died prior to trial but after she had testified at an examination before trial. Plaintiff appeals from the judgment dismissing his complaint following a jury verdict of no cause of action. The initial issue is whether the jury verdict in favor of defendant "could not have been reached by any fair interpretation of the evidence" (Yerdon v Baldwinsville Academy & Cent. School Dist., 50 AD2d 714, lv to app den 39 NY2d 705). The evidence discloses that a jury could properly find that plaintiff failed to exercise due care and thus was contributorily negligent. In the circumstances of this case, plaintiff's testimony that he looked quickly to his left and saw vehicles approaching the intersection, and that thereafter he concentrated on traffic to his right, may be fairly interpreted as adequate support for a finding of contributory negligence. Such a finding is "almost exclusively a jury function" (Wartels v County Asphalt, 29 NY2d 372, 379). Here the issue was properly submitted as a jury question pursuant to a lawful charge and without exception by the plaintiff. The jury finding should not be disturbed. Plaintiff maintains, however, that the trial court erroneously admitted that part of the examination before trial testimony of Eleanor Yanow where she asserted that at the scene after the accident, plaintiff's passenger stated that he "kept yelling 'stop' and he [plaintiff] didn't stop". It is contended that this testimony prejudicially affected the question of plaintiff's negligence. We disagree. The testimony was properly received under the spontaneous declaration exception to the hearsay rule. The facts sufficiently support the determination that "the declarant was so influenced by the excitement and shock of the event that it is probable that he * * * spoke impulsively and without reflection rather than reflectively and with deliberation [citations omitted]" (People v Caviness, 38 NY2d 227, 231). Although for such a statement to be admissible it must be made while the speaker is under the stress resulting from the startling event, there is no "fixed limit of time within which the declaration shall have been made" (People v Marks, 6 NY2d 67, 72, cert den 362 US 912). Additionally, although the examination before trial testimony to which plaintiff objects was unresponsive, that objection could have been "obviated or removed" if made at the examination (see CPLR 3115, subd [d]) and since Eleanor Yanow had died prior to trial the trial court properly disregarded this objection. Finally, we have considered plaintiff's contention that the trial court should have limited the scope of defendant's cross-examination of plaintiff, and find no abuse of the court's discretion (Richardson, Evidence [10th ed], § 490, p 476). (Appeal from judgment of Monroe Supreme Court—automobile negligence.) Present—Marsh, P. J., Moule, Dillon, Goldman and Witmer, JJ.