■ ARTHUR CAMPESE, as Administrator of the Estate of LISA CAMPESE, Deceased, Respondent, v METROPOLITAN TRANSIT AUTHORITY et al., Defendants, and LONG ISLAND RAILROAD, Appellant.—In an action to recover damages for wrongful death and conscious pain and suffering, defendant Long Island Railroad (hereinafter the railroad) appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Queens County (La Fauci, J.), dated March 30, 1984, as, after a nonjury trial, upon a determination in favor of plaintiff on the issue of damages of $30,000 for wrongful death and

$150,000 for conscious pain and suffering, and upon apportioning fault at 40% on the part of plaintiff's decedent, 10% on the part of the defendant City of New York and 50% on the part of the defendant railroad, is in favor of the plaintiff and against it in the principal sum of $75,000, representing 50% of the damages for conscious pain and suffering.

Judgment modified, on the facts, by reducing the judgment as against appellant for damages for conscious pain and suffering from the principal sum of $75,000 to the principal sum of $25,000. As so modified, judgment affirmed, insofar as appealed from, without costs or disbursements, and matter remitted to the Supreme Court, Queens County, for entry of an appropriate amended judgment.

The trial court's finding that the plaintiff's decedent had suffered $150,000 in damages for conscious pain and suffering was excessive. The evidence, at best, supports a finding that the damages incurred for conscious pain and suffering were $50,000. Accordingly, we have reduced the award as against defendant railroad on that cause of action.

We note, however, that plaintiff erroneously entered a "net" judgment. Plaintiff was entitled to enter a judgment against each defendant for the full amount of damages awarded less an amount representing the percentage of the damages attributable to the fault of plaintiff's decedent, that is 60% of $30,000 for wrongful death, or $18,000, plus 60% of $150,000 for conscious pain and suffering, or $90,000. Instead, the judgment, in effect, netted out the liabilities of the parties and declared (1) that defendant railroad is liable to plaintiff for 50% of the wrongful death award, or $15,000, plus 50% of the award for conscious pain and suffering, or $75,000, and (2) that defendant City of New York is liable to plaintiff for 10% of the wrongful death award, or $3,000, plus 10% of the award for conscious pain and suffering, or $15,000. While such judgments have been condemned by this court in the past (see, *DiMauro v Metropolitan Suburban Bus Auth.*, 105 AD2d 236, 237; *Nicholas v Consolidated Edison Co.*, 100 AD2d 957), at bar we are powerless to remedy this situation, since defendant City of New York is not a party to this appeal (see, *Hecht v City of New York*, 60 NY2d 57). Therefore, we have reduced the award as against defendant railroad for conscious pain and suffering to $25,000, which represents 50% of the conscious pain and suffering award, after its reduction to $50,000. The judgment against defendant City of New York for $18,000, which represents 10% of the $30,000 wrongful death award, or $3,000, plus 10% of the $150,000 conscious pain and

suffering award, or $15,000, remains unchanged, as defendant city, by failing to appeal from the judgment, has conceded its liability for that amount.

We hasten to point out the anomaly resulting from our determination. Plaintiff is now entitled to recover damages for conscious pain and suffering in the total principal sum of $40,000, that is, $25,000 from defendant railroad plus $15,000 from defendant city, even though we have determined the total amount of damages sustained less the amount representing the percentage of the damages attributable to the fault of plaintiff's decedent to be $30,000. This result, however, is beyond our power to cure, since defendant city has not appealed. O'Connor, J. P., Niehoff, Lawrence and Kooper, JJ., concur.