■ BRONKO GRCIC, by BORIS GRCIC, His Guardian ad Litem, Respondent, et al., Plaintiff, v CITY OF NEW YORK, Appellant-Respondent; THOMAS DUKES et al., Respondents-Appellants, et al., Defendants. (Action No. 1.) JOHN CROZIER et al., Respondents, v CITY OF NEW YORK, Appellant-Respondent; THOMAS DUKES et al., Respondents-Appellants; BRONKO GRCIC et al.,

Respondents, et al., Defendants. (Action No. 2.) TODD POSKITT, Respondent, v CITY OF NEW YORK, Appellant-Respondent; THOMAS DUKES, SR., et al., Respondents-Appellants; BORISLAV GRCIC et al., Respondents, et al., Defendants. (Action No. 3.) JAMES DUFFY, as Administrator of the Estate of RICHARD DUFFY, Deceased, Respondent, v CITY OF NEW YORK, Appellant-Respondent; THOMAS DUKES, SR., et al., Respondents-Appellants; BORISLAV GRCIC et al., Respondents, et al., Defendants. (Action No. 4.)—(1) In action No. 1, (a) the defendant City of New York appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Queens County (Nahman, J.), entered August 1, 1986, as amended March 3, 1987, as upon a finding that it was 93% at fault in the happening of the accident, is in favor of the plaintiff Bronko Grcic and against it in the principal sum of $15,975,645 and (b) the defendants Thomas Dukes, Sr., and Thomas Dukes, Jr., separately cross-appeal, as limited by their briefs, from so much of the same judgment as amended, as upon a finding that they were 7% at fault in the happening of the accident, is in favor of the plaintiff Bronko Grcic and against them in the principal sum of $15,975,645, (2) in action No. 2, (a) the defendant City of New York appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Queens County (Nahman, J.), entered September 10, 1986, as amended March 3, 1987, as upon a finding that it was 93% at fault in the happening of the accident, is in favor of the plaintiff John Crozier and against it in the principal sum of $100,000, and is in favor of the plaintiff James Matuozzi and against it in the principal sum of $50,000, and (b) the defendants Thomas Dukes, Sr., and Thomas Dukes, Jr., separately cross-appeal, as limited by their briefs, from so much of the same judgment, as amended, as upon a finding that they were 7% at fault in the happening of the accident, is in favor of the plaintiff Crozier and against them in the principal sum of $100,000 and is in favor of the plaintiff Matuozzi and against them in the principal sum of $50,000, (3) in action No. 3, (a) the defendant City of New York appeals, as limited by its brief, from (a) so much of a judgment of the Supreme Court, Queens County (Nahman, J.), entered August 12, 1986, as amended April 1, 1987, as upon a finding that it was 93% at fault in the happening of the accident, is in favor of the plaintiff Poskitt and against it in the principal sum of $400,000, and (b) the defendants Thomas Dukes, Sr., and Thomas Dukes, Jr., separately cross-appeal, as limited by their briefs, from so much of the same judgment, as amended, as upon a finding that they were 7%

at fault in the happening of the accident, is in favor of the plaintiff Poskitt and against them in the principal sum of $400,000, and (4) in action No. 4, the defendant City of New York appeals, as limited by its brief, from (a) so much of a judgment of the Supreme Court, Queens County (Nahman, J.), entered August 12, 1986, as amended March 3, 1987, as upon a finding that it was 93% at fault in the happening of the accident, is in favor of the plaintiff Duffy and against it in the principal sums of $670,000 for conscious pain and suffering and $100,000 for wrongful death, and (b) the defendants Thomas Dukes, Jr. and Thomas Dukes, Sr., separately cross-appeal, as limited by their briefs, from so much of the same judgment, as amended, as upon a finding that they were 7% at fault in the happening of this accident, is in favor of the plaintiff Duffy and against them in the principal sums of $670,000 for conscious pain and suffering and $100,000 for wrongful death.

Ordered that the judgment, as amended, entered in action No. 1 is modified, on the facts and as a matter of discretion, by reducing the principal sum awarded to the plaintiff Bronko Grcic to $365,000, representing damages for medical, hospital and institutional expenses to date, and adding thereto a provision severing the plaintiff Bronko Grcic's claim for damages for conscious pain and suffering, loss of earnings, impairment of future earnings, and past and future institutional and/or home care and therapeutic services, and granting a new trial with respect thereto unless the plaintiff Bronko Grcic shall serve and file in the office of the Clerk of the Supreme Court, Queens County, a written stipulation signed by his guardian ad litem Boris Grcic consenting to decrease (1) the award of damages for conscious pain and suffering from the principal sum of $5,000,000 to the principal sum of $1,000,000, (2) the award of damages for loss of earnings to date and impairment of future earnings from the principal sum of $1,660,645 to the principal sum of $1,200,000, and (3) the award of damages for future institutional and/or home care and therapeutic services from the principal sum of $9,000,000 to the principal sum of $3,000,000, and to the entry of an amended judgment accordingly; as so modified, the judgment, as amended, is affirmed insofar as appealed and cross-appealed from. The plaintiff Bronko Grcic's time to serve and file a stipulation is extended until 20 days after service upon his guardian ad litem of a copy of this decision and order, with notice of entry. In the event the plaintiff Bronco Grcic so stipulates, then the judgment, as amended, and as so

reduced and further amended, is affirmed insofar as appealed and cross-appealed from; and it is further,

Ordered that the judgment, as amended, entered in action No. 2 is affirmed insofar as appealed and cross-appealed from; and it is further,

Ordered that the judgment, as amended, entered in action No. 3 is affirmed insofar as appealed and cross-appealed from; and it is further,

Ordered that the judgment, as amended, entered in action No. 4 is modified, on the facts and as a matter of discretion, by reducing the principal sum awarded to the plaintiff to $100,000, representing damages for wrongful death, and adding thereto a provision severing the plaintiff's claim for damages for conscious pain and suffering and granting a new trial with respect thereto unless the plaintiff shall serve and file in the office of the Clerk of the Supreme Court, Queens County, a written stipulation signed by the plaintiff consenting to decrease the award of damages for conscious pain and suffering from the principal sum of $670,000 to the principal sum of $150,000, and to the entry of an amended judgment accordingly; as so modified, the judgment, as amended, is affirmed insofar as appealed and cross-appealed from. The plaintiffs time to serve and file a stipulation is extended until 20 days after service upon him of a copy of this decision and order, with notice of entry. In the event the plaintiff so stipulates, then the judgment, as amended, and as so reduced and further amended, is affirmed insofar as appealed and cross-appealed from; and it is further,

Ordered that the plaintiffs in actions Nos. 2 and 3 are each awarded one bill of costs, payable by the defendants City of New York, Thomas Dukes, Sr., and Thomas Dukes, Jr.; and it is further,

Ordered that no costs or disbursements are awarded with respect to the appeals in actions Nos. 1 and 4.

The plaintiffs established that the city's negligence in failing to properly maintain the roadway upon which the accident occurred was a substantial cause of the events which produced their injuries. Furthermore, the negligence of the defendant Thomas Dukes, Jr., the driver of one of the cars involved in the accident, is neither of such an extraordinary nature nor so attenuates the city's negligence from the ultimate injury that responsibility for that injury may not be reasonably attributed to the city (see, *Humphrey v State of New York*, 60 NY2d 742; *Kush v City of Buffalo*, 59 NY2d 26;

*Scheemaker v State of New York,* 125 AD2d 964, *affd* 70 NY2d 985). Thus the jury's verdict against the city with regard to the issue of proximate cause was supported by legally sufficient evidence. Similarly, the jury's verdict against Thomas Dukes, Jr., was supported by legally sufficient evidence. Finally, the jury's apportionment of fault was not against the weight of the credible evidence, as it cannot be said that its apportionment could not have been reached on any fair interpretation of the evidence *(see, Nicastro v Park,* 113 AD2d 129).

With regard to the defenses of comparative negligence, while the evidence adduced established that the plaintiff Grcic consumed 2 to 3 drinks during the approximately five-hour period prior to the accident, absent testimony as to what effect the consumption had or could have had on Grcic's ability to drive the evidence is insufficient to establish negligence on his part *(see, Baginski v New York Tel. Co.,* 130 AD2d 362). In addition, there was eyewitness testimony to the effect that Grcic was observing the speed limit at the time of the accident. Even assuming negligence on Bronko Grcic's part, there is absolutely no evidence to establish that his negligence was a substantial cause of the accident. Thus, the trial court did not err in granting Grcic's motion to strike the defense of comparative negligence asserted against him. As there is no evidence that the plaintiff passengers in the Dukes' car knew or should have known of any alleged impairment of the ability of Thomas Dukes, Jr., to drive, the trial court also did not err in striking the comparative negligence defenses asserted against them *(see, Bergeron v Hyer,* 55 AD2d 1001; *Verdino v Hayes,* 10 AD2d 978; *see also, Kelly v Gurll,* 57 AD2d 547).

Turning to the actual conduct of the trial, over the city's objection the trial court permitted the plaintiffs to introduce letters written by the general manager of the Breezy Point Cooperative, Inc. to various city agencies and officials prior to the accident which referred to prior accidents and near misses which occurred at or near the intersection in question. This evidence was proffered on the issue of notice to the city. Though the court should have inquired as to the relevant conditions surrounding those prior accidents in an effort to ascertain whether they were substantially similar to those surrounding the subject accident *(see, Hyde v County of Rensselaer,* 51 NY2d 927, 929), reversal is not required on this basis. Firstly, the evidence adduced established that the roadway was in substantially the same condition as it was when the subject accident occurred. Secondly, the jury was instructed at the time the letters were introduced and during

the course of the final charge that the letters were only admitted on the issue of notice, an issue which the city did not contest, and were not to be used as evidence of the fact that the prior accidents referred to actually occurred. Finally, the city was permitted, on cross-examination, to introduce evidence as to the circumstances surrounding the prior accidents and near misses.

Furthermore, the trial court did not err in refusing to admit certain portions of the hospital record of Thomas Dukes, Jr. into evidence, as their probative value was minimal at best and was far outweighed by the prejudicial effect they may have had on the jury (see, Wilson v Bodian, 130 AD2d 221; Del Toro v Carroll, 33 AD2d 160).

The trial court did not abuse its discretion when it restricted cross-examination on behalf of the defendant Thomas Dukes, Sr. of the physicians who treated the plaintiffs when they arrived at the hospital with regard to their opinion as to the relationship between the plaintiffs' alleged failure to use available seat belts and the injuries they suffered (see, Feldsberg v Nitschke, 49 NY2d 636, rearg denied 50 NY2d 1059). This issue was not gone into on the plaintiffs' direct examination of those witnesses, and Thomas Dukes, Sr., had the opportunity to call those or any other medical witnesses during the presentation of his own case.

With respect to the issue of damages, we note that the trial court did not abuse its discretion in granting Bronko Grcic's postverdict motion to increase the ad damnum clause of his complaint to the amount awarded him by the jury (see, Loomis v Civetta Corinno Constr. Corp., 54 NY2d 18, rearg denied 55 NY2d 801; cf., Dolan v Garden City Union Free School Dist., 113 AD2d 781). However, so much of the jury's verdict with respect to him as awarded him $5,000,000 for conscious pain and suffering, $1,660,645 for loss of earnings to date and impairment of future earnings, and $9,000,000 for future institutional and/or home care and therapeutic services is excessive and is "clearly beyond what ought to be reasonable compensation to the plaintiff in terms of uniformity and community expectations" (Miner v Long Is. Light. Co., 47 AD2d 842, 847 [Hopkins, J, dissenting], revd 40 NY2d 372; Knight v Long Is. Coll. Hosp., 106 AD2d 371, 372). Thus we have recommended that that portion of the jury's award be reduced to $1,000,000 for conscious pain and suffering, $1,200,000 for loss of earnings to date and impairment of future earnings, and $3,000,000 for future institutional and/or home care and therapeutic services. Similarly, although the evi-

dence was sufficient to support the conclusion that the decedent Richard Duffy experienced conscious pain and suffering prior to his death, given that the interval of consciousness was short and the degree of consciousness slight, the jury's award of $670,000 for Duffy's conscious pain and suffering is excessive to the extent indicated (see, Campese v Metropolitan Tr. Auth., 114 AD2d 988; Juiditta v Bethlehem Steel Corp., 75 AD2d 126). Finally, the wrongful death award of $100,000 to Duffy's parents is not excessive (see, Regan v Long Is. R. R. Co., 128 AD2d 511; Brookman v Public Serv. Tire Corp., 86 AD2d 591).

We have considered the remaining contentions of the parties and find them to be without merit. Thompson, J. P., Weinstein, Rubin and Harwood, JJ., concur.