■ FRANK PAVIA, Respondent-Appellant, v CARMINE ROSATO et al., Appellants-Respondents, and JOSEPH AMEROSA et al., Respondents.—In a negligence action to recover damages for personal injuries, the defendants Carmine Rosato and Joann Rosato appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Kings County (Levine, J.), entered April 6, 1988, as, upon a jury verdict, is in favor of the plaintiff and against the defendants in the principal sum of $5,000,000, representing $2,120,000 as damages for conscious pain and suffering, $2,318,000 for past and future medical expenses, and $562,000 for loss of earnings, and the plaintiff cross-appeals from so much of the same judgment as, upon a ruling denying his application for leave to amend the ad damnum clause of his complaint, reduced the jury verdict in his favor from $6,322,000 to $5,000,000, which represented the amount requested in the ad damnum clause.

Ordered that the judgment is modified, on the facts and as a matter of discretion, by reducing the principal sum awarded to the plaintiff to $2,880,000, representing damages for past and future medical expenses, and for loss of earnings, and adding thereto a provision severing the plaintiff's claim for damages for conscious pain and suffering, and granting a new trial with respect thereto, unless the plaintiff shall serve and file in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to decrease the award for damages for conscious pain and suffering from the principal sum of $2,120,000 to the principal sum of $1,000,000 and to the entry of the amended judgment accordingly; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements, and the plaintiff's time to serve and file a stipulation is extended until 20 days after service upon him of a copy of this decision and order, with notice of entry. In the event that the plaintiff so stipulates, then the judgment, as so reduced and amended, is affirmed, without costs or disbursements.

The plaintiff was injured when the car in which he was a

passenger was involved in an accident. His injuries include permanent paralysis, spacticity of his left side, and a severe speech impairment. Liability is not an issue on appeal. Following a trial on the issue of damages, the jury rendered a verdict awarding the plaintiff $2,120,000 for conscious pain and suffering, $3,640,000 for past and future medical expenses and $562,000 for past and future lost earnings. The court thereafter limited the jury award to the principal sum of $5,000,000, which sum represented the amount requested in the ad damnum clause of the plaintiff's complaint, by reducing the $3,640,000 award for past and future medical expenses to $2,318,000. The defendants subsequently moved to set aside the $5,000,000 verdict as excessive, and the plaintiff moved to increase the $5,000,000 demanded in the ad damnum clause of his complaint to $6,322,000. Both applications were denied.

Following the trial, the appellants-respondents' insurance carrier tendered the full amount of its policy, i.e., $100,000, to the plaintiff in partial satisfaction of the $5,000,000 judgment. Thereafter, the plaintiff and the appellants-respondents entered into an agreement whereby the plaintiff agreed not to execute on the excess judgment against the appellants-respondents in exchange for the appellants-respondents' assignment to the plaintiff of their cause of action against their insurance carrier "arising out of [their] policy * * * or out of [their] INSURER's rejection of the [plaintiff's] settlement offer". The plaintiff contends that the appellants-respondents are no longer affected by the outcome of the appeal and, thus, their insurance carrier, which was obligated to defend them, is pursuing the instant appeal solely to protect itself from potential liability for failure to settle the plaintiff's case. Accordingly, the plaintiff argues, the appeal should be dismissed as academic. We disagree. The plaintiff's agreement with the appellants-respondents did not terminate this lawsuit; rather, the judgment continues to exist and has ramifications with respect to the insurance carrier which may be liable for damages in a future action based on its alleged bad-faith failure to settle the plaintiff's case. Accordingly, the appellants-respondents' carrier should be permitted to prosecute the appeal.

Although the law favors a liberal policy with respect to applications seeking leave to amend pleadings (see, Loomis v Civetta Corinno Constr. Corp., 54 NY2d 18, rearg denied 55 NY2d 801; Grcic v City of New York, 139 AD2d 621, 626), we conclude that, in view of the facts of this case, the Supreme Court acted properly in denying the plaintiff's application

seeking to increase the amount demanded in the ad damnum clause of the complaint and in reducing the total jury verdict to $5,000,000 by reducing that portion of the verdict for the plaintiff's past and future and medical expenses to $2,318,000. The record clearly indicates that the reduced award constitutes reasonable compensation for the plaintiff's past and future medical expenses. Similarly, contrary to the appellants-respondents' assertions, we find that the jury's award of $562,000 for the plaintiff's lost earnings is reasonable and fully supported by the evidence adduced at the trial. However, the verdict awarding the plaintiff $2,120,000 for the conscious pain and suffering was excessive to the extent indicated (see, Grcic v City of New York, supra; Mesick v State of New York, 118 AD2d 214). Mollen, P. J., Thompson, Kunzeman and Spatt, JJ., concur.