ALFRED E. BROWN, JR., et al., Respondents, v STATE OF NEW YORK, Appellant. (Appeal No. 1.) (Claim No. 73718.)

Fourth Department, December 30, 1992

**APPEARANCES OF COUNSEL**

*Robert Abrams, Attorney-General,* Albany *(Vernon Stuart* of counsel), for appellant.

*Richard C. Bell,* New York City, for respondents.

**OPINION OF THE COURT**

BOOMER, J. P.

The State of New York appeals from a judgment of the Court of Claims that, following a trial, awarded claimant, an inmate of Auburn Correctional Facility, money damages for injuries sustained when claimant's left hand was severed by a power tool in the woodworking shop. Contrary to the State's arguments on appeal, we conclude that the evidence supported the court's finding that the State was negligent and the State's negligence was the proximate cause of claimant's injury. We write to address the State's arguments that the award of future damages for medical expenses for a cosmetic prosthetic device was excessive and that, in determining the award, the court improperly provided for an 8.2% annual increase for inflation in addition to the annual increase of 4% provided by statute *(see,* CPLR 5041 [e]).

As part of its total award for damages, the court included the sum of $2,242,266 for future medical expenses. The State argues that this amount is unreasonable, first, because it is based on the furnishing and maintenance of a myoelectric prosthesis in addition to the body-powered prosthesis furnished by the State. We agree with the court that it was reasonable to award compensation that would be adequate to provide claimant not only with the mechanical prosthesis with

a hook attachment suitable for manual labor, but also with a myoelectric prosthesis for everyday use. The mechanical prosthesis with the hook attachment is necessary to enable claimant to perform manual labor where greater strength is necessary but tends to become uncomfortable and has an unsightly appearance. It is reasonable, therefore, to provide claimant with the second prosthesis. As the court wrote: "When he will find the mechanical prosthesis too uncomfortable to bear, Mr. Brown is entitled to rely upon the more delicate, less invasive, electronic prosthesis."

Second, defendant argues that the award for future damages for the prostheses is excessive because the court applied an excessive factor for inflation. The court found that the two prostheses would require replacement every four years and would require maintenance annually. It found that the cost of the two necessary prostheses in 1990 was $21,000 and that they would have to be replaced every four years, beginning in the year 2001, when claimant will be released from prison. Using an inflationary factor of 8.2% per year, the court found that the future cost of replacement would range from $49,971 in the year 2001 to $454,027 in the year 2029. Using the same inflationary factor, the court further found that annual maintenance expenses from the year 2001 to the year 2032 would range from $4,997 in the year 2001 to $57,512 in the year 2032.

The judgment, in accordance with the provisions of CPLR 5041 (e) provides, in part, that "the State of New York will guarantee the purchase and payment of an annuity contract which will provide for annual installment payments over a period of twenty-nine (29) years for the remaining future damages for medical expenses for prosthetic purchase, in the amount of * * * $1,200,454; said annuity contract shall provide for the annual payment for the first year beginning in [sic] January 1, 2001 in the amount of * * * $41,395; the payments due in each succeeding year shall be computed by adding four percent (4%) to the previous year's payment".

■ The State argues that the award for future medical expenses is excessive because it includes a total inflationary factor of 12.2%: 8.2% as testified to by claimant's expert and found by the court, as well as the additional 4% mandated by statute. The State urges us to interpret the statute to require the trial court to reduce the 8.2% inflationary factor by the 4% mandated by statute. We decline so to interpret the statute. We conclude that the statute requires the trier of fact

to account for inflation in making its award for future damages and, after the award is made, it requires the court to increase each subsequent annual installment payment by 4% over the previous year's payment. Thus, the result in this case is mandated by statute.

CPLR 4111 (f) provides that the trier of fact is to "award the full amount of future damages * * * without reduction to present value." That provision required the court to determine the full amount of claimant's damages for future medical expenses, which necessarily involved an estimate of the future cost of the prostheses when needed by claimant. The estimate could be made only by adding to present-day costs a reasonable amount for inflation. To fail to account for inflation is to award less than the full amount of future damages. The court properly estimated the future costs by applying an annual inflationary rate of 8.2%, inasmuch as that was the only rate supported by expert testimony. The court was further required to "set forth the period of years over which such amounts are intended to provide compensation" (CPLR 4111 [f]). Accordingly, the court found that the payments for replacement of the prostheses should be extended over a period of 29 years beginning in 2001, and the payments for service should be extended over a period of 32 years beginning in 2001, because those were the periods of time over which claimant would need replacement and service of the prostheses.

By virtue of the statutory scheme, once the trier of fact makes the determination of the full amount of the future damages and the number of years over which the damages extend, any further computation of the award to be inserted in the judgment is governed by CPLR 5041 (e). That subdivision requires that (except for a lump-sum payment of $250,000 and a lump-sum payment for attorney's fees) the payments for future damages be made over the period of time determined by the trier of fact and that "[t]he annual payment for the first year shall be calculated by dividing the remaining amount of future damages by the number of years over which such payments shall be made and the payment due in each succeeding year shall be computed by adding four percent to the previous year's payment." The court properly determined that the full amount of future damages for purchase of the prostheses, less the lump-sum payments, was $1,200,454, and that the period of payment was 29 years beginning in 2001. Thus, the statute requires that the first payment in 2001 be

one twenty-ninth of $1,200,454 or $41,395, and it further requires that each subsequent annual payment be increased by adding 4% to the previous year's payment. The same analysis can be applied to the future payments for service of the prostheses.

We are unable to ascertain from the legislative history of the statute why the Legislature provided for a 4% increase in the annual payments after the trier of fact applies an inflationary factor in awarding the full amount of future damages. Nevertheless, the statutory language is clear and the court properly complied with it. If there is to be any change in the method of computing the amount of awards for future damages, it must result from an amendment by the Legislature and not by a strained interpretation by the courts (see, McKinney's Cons Laws of NY, Book 1, Statutes § 75).

Accordingly, the judgment appealed from should be affirmed.

GREEN, BALIO, BOEHM and FALLON, JJ., concur.

Judgment unanimously affirmed, with costs.