■ Sandra J. Pay et al., as Guardians of Sherilynn M. Kirisits, an Infant, Respondents, v State of New York, Appellant. (Appeal No. 1.) (Claim No. 72324.) [625 NYS2d 770] —Judgment unanimously affirmed with costs. Memorandum: Defendant appeals from an amended judgment awarding the infant past and future damages structured pursuant to CPLR article 50-B. The structured judgment was based upon a decision of the Court of Claims awarding the infant $9,994,741 for serious permanent injuries sustained in utero in an accident that occurred as a result of the State's negligent failure to maintain a guardrail. On appeal, the State challenges the following components of that award on the ground that they are excessive: $500,000 for past pain and suffering; $1,500,000 for future pain and suffering; $649,141 for the cost of future residential care and therapy for the years 1993 (the date of decision) to 2000 (when claimant will turn 25); and $6,063,506 for future residential care for the remainder of the infant's life expectancy, from the year 2001 to 2055. The State also contends that the court improperly awarded prejudgment interest from July 1990, the date of the liability determination, to August 1993, the date chosen for purposes of "discounting" future damages, because the award of future damages was not reduced to present value as of the earlier date. Finally, the State contends that the court erred in considering evidence of inflation in making its award of future damages,

thus duplicating the 4% annual adjustment required with respect to the annuity payments pursuant to CPLR 5041 (e).

The award for pain and suffering is not excessive, nor is the award for future residential care. As a result of the accident, the infant was born mentally retarded, with missing or malformed toes and fingertips. She has tight heel cords, a condition that causes her to walk on the balls of her feet. A cross-eyed condition had to be corrected by surgery. She has partial deafness in both ears as well as a speech impediment. Her numerous physical and mental problems have interfered greatly with her development. Her gross motor skills are those of a four-year-old and her fine motor skills compare with those of a five-year-old; her teachers variously testified that she will never obtain an intellectual level beyond fourth, fifth, or sixth grade. The deformity in her gait prevents her from walking or standing for long periods and, as her doctors testified, will result in her "wearing out" the joints in her hips, knees, and feet, requiring her to undergo repeated surgeries throughout her lifetime. She requires audiological, speech, physical, occupational, and psychological evaluation and therapy. She will never be able to have children, drive, hold gainful employment, or function in an independent setting without daily supervision.

A $2,000,000 award for past and future pain and suffering is not excessive to compensate the infant for serious injuries that she sustained from birth and that she will endure for her 62-year remaining life expectancy (cf., Hill v Muchow, 178 AD2d 954; Eschberger v Consolidated Rail Corp., 174 AD2d 983, lv denied 79 NY2d 752, cert denied 503 US 1011). Further, the record supports the court's finding that claimant needs to be placed in a more supervised setting until age 25 and in a community residence after age 25. The record also supports the court's findings with respect to the costs of placement (cf., Harvey v Mazal Am. Partners, 165 AD2d 242, mod on other grounds 79 NY2d 218; Grcic v City of New York, 139 AD2d 621, lv denied 73 NY2d 702; Merrill v Albany Med. Ctr. Hosp., 126 AD2d 66, mot to dismiss appeal denied 70 NY2d 669, appeal dismissed 71 NY2d 990).

The court did not err in awarding prejudgment interest from the date of the liability determination on items of future damages that were discounted to a later date (see, Rohring v City of Niagara Falls, 192 AD2d 228, 232-233, affd 84 NY2d 60, 69-70). Finally, the court did not err in considering evidence of inflation in calculating future damages (see, CPLR 4111 [f]; Brown v State of New York, 184 AD2d 126, 129, lv

*denied* 81 NY2d 711). We have rejected the contention that consideration of inflation by the trier of fact duplicates the 4% annual adjustment of the periodic payments pursuant to CPLR 5041 (e) *(Rohring v City of Niagara Falls, supra,* at 232; *Brown v State of New York, supra,* at 129-130). (Appeal from Judgment of Court of Claims, McMahon, J.—Negligence.) Present—Denman, P. J., Green, Fallon, Balio and Boehm, JJ.