mously modified on the law and as modified affirmed without costs and matter remitted to Court of Claims for further proceedings in accordance with the following Memorandum: Claimant sustained a serious knee injury while playing basketball at Groveland Correctional Facility and commenced this action alleging negligence and medical malpractice. Following a trial, the Court of Claims found defendant liable and ordered it to pay claimant damages for pain and suffering, and loss of earnings.

Contrary to defendant's contention, the court did not err in allowing claimant's expert, a board-certified orthopedic surgeon from New York City, to testify to the acceptable standards of care in Livingston County. Claimant's expert testified that the physician who treated claimant deviated from acceptable standards of care by waiting six weeks before referring claimant for an orthopedic consult rather than referring him for an immediate consult and by failing to make a report of claimant's initial examination. "A physician's duty is to provide the level of care acceptable in the professional community in which he practices" (*Schrempf v State of New York*, 66 NY2d 289, 295; *see, Bernard v Block*, 176 AD2d 843, 846). Here, claimant's expert testified that the physician hired by defendant to treat claimant deviated from the accepted standards of care of all interns and primary care physicians regardless of where they practiced.

The court did not err in determining that defendant failed to meet its burden of proof on the issue of income tax adjustments to lost earnings pursuant to CPLR 4546. The court erred, however, in taking judicial notice of a 4% inflation rate with respect to the award for future lost earnings. Although a court may apply an inflation rate to such an award in addition to the rate provided by CPLR 5031 (e) (*see, Schultz v Harrison Radiator Div. Gen. Motors Corp.*, 90 NY2d 311, 317-320), it is improper to do so in the absence of expert testimony (*see, e.g., Brown v State of New York*, 184 AD2d 126, 129, *lv denied* 81 NY2d 711).

We modify the judgment, therefore, by reducing the amount of future lost earnings to $253,000, and we remit the matter to the Court of Claims for recalculation of the amount of future lost earnings plus the 4% statutory factor (*see,* CPLR 5031 [e]) and the amount of the annuity contracts. (Appeal from Judgment of Court of Claims, Corbett, Jr., J.—Negligence.) Present—Denman, P. J., Green, Pine, Hayes and Callahan, JJ.

■ In the Matter of ROBERT E. O'CONNOR et al., Appellants, v COUNTY OF ERIE, Respondent. (Appeal No. 1.) [688 NYS2d 455] —Appeal unanimously dismissed without costs (*see, Loafin'*

*Tree Rest. v Pardi* [appeal No. 1], 162 AD2d 985). (Appeal from Order of Supreme Court, Erie County, Michalek, J.—Notice of Claim.) Present—Hayes, J. P., Wisner, Pigott, Jr., Callahan and Balio, JJ.

■ In the Matter of ROBERT E. O'CONNOR et al., Appellants, v COUNTY OF ERIE, Respondent. (Appeal No. 2.) [689 NYS2d 323] —Order unanimously modified on the law and as modified affirmed with costs to plaintiffs in accordance with the following Memorandum: Supreme Court properly granted the motion of plaintiffs to renew their prior motion for leave to serve a late notice of claim against defendant, County of Erie (County), but abused its discretion in adhering to its original determination. On their motion to renew, plaintiffs established that the County had actual notice of the essential facts constituting the claim within 90 days of its accrual (*see,* General Municipal Law § 50-e [1]) and that the County has not been substantially prejudiced as a result of the delay (*see, Passalacqua v County of Onondaga,* 94 AD2d 949). We therefore modify the order by granting plaintiffs' prior motion. (Appeal from Order of Supreme Court, Erie County, Michalek, J.—Renewal.) Present—Hayes, J. P., Wisner, Pigott, Jr., Callahan and Balio, JJ.

■ DIANA WINDSOR, Individually and as Executrix of GEORGE WINDSOR, II, Deceased, Appellant, v INDEPENDENT HEALTH ASSOCIATION, INC., et al., Respondents. [688 NYS2d 458] —Order unanimously affirmed without costs for reasons stated in decision at Supreme Court, Gorski, J. (Appeal from Order of Supreme Court, Erie County, Gorski, J.—Dismiss Pleading.) Present—Hayes, J. P., Wisner, Pigott, Jr., and Balio, JJ.

■ In the Matter of the Arbitration between DEAN S. ALSANTE, Appellant, and ALLSTATE INSURANCE COMPANY, Respondent. [689 NYS2d 321] —Order unanimously modified on the law and as modified affirmed without costs and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: In this proceeding pursuant to CPLR article 75, petitioner seeks to vacate an arbitrator's award denying him additional no-fault benefits. In denying petitioner's claim for further wage loss benefits, the arbitrator found that petitioner "would have been laid off effective October 3, 1994 and would have lost his income for reasons unrelated to the accident." That finding was improperly based on an assumption and, as Supreme Court properly determined, is irrational. The court erred, however, in nevertheless confirming the award. We therefore modify the order by vacating the arbitrator's determination that wage loss benefits were properly